## Lawrence Dalton and another v. Charles Laudahn.

*Lease: Stipulation for security: Mortgage.* A stipulation in a lease "that all goods, wares and merchandise, household furniture, fixtures or other property, which are or shall be placed in or on said premises by the lessee, shall be liable, and this lease shall hereby constitute a lien or mortgage on said property, to secure the rent due or to grow due on this lease," with authority to the lessor, on default of payment of rent, or upon breach of any of the covenants of the lease, to enter the premises and take the property and sell the same as in cases of chattel mortgages, etc., and retain the amount of any rent due or to grow due on the lease, together with the costs of sale, etc., is not a mortgage, and conveys no present interest in the property.

*Security clause in lease: Rent: Default: Pay-day.* Under such a clause the right to take the property on account of rent could be exercised only on default in the payment of rent; and therefore a taking on the day the rent fell due could not be justified, as the tenant had the whole day in which to make payment.

*Trover: Damages.* In an action of trover by the tenant for property embraced in such a clause and seized by the landlord on pay-day, the plaintiff's damages cannot be limited to the value of the detention for one day, upon a claim that by reason of his having failed to pay the rent the seizure would have been lawful the next day, and would have authorized the detention of the goods for not only the rent then due, but also that to grow due, which was more than the value of the property.

*Trover: Damages.* The owner of chattels tortiously taken is entitled in trover to full compensation in damages, and no mere act of the wrong-doer can discharge him from liability. A subsequent sale on legal process against the owner and in favor of the trespasser, cannot be shown to reduce damages; and an appropriation under a mere power conferred by the owner, like that contained in the lease in this case, could certainly have no greater force than such a sale.

*Heard July 22. Decided July 25.*

Error to Wayne Circuit.

This was an action of trover, brought by Laudahn

27 MICH.—67.

against plaintiffs in error.    The defendants claimed that the they had seized the property by virtue of the following stipulation in a lease of real estate, executed by them to the plaintiff:

" And the said party of the second part doth hereby covenant and agree that all goods, wares and merchandise, household furniture, fixtures or other property, which are or shall be placed in or on said premises by him, shall be liable, and this lease shall hereby constitute a lien or mortgage on said property, to secure the rent due or to grow due on this lease.    And does hereby authorize and empower the said party of the first part, in case any default is made in the payment of the rent above specified, or any of the covenants herein contained are broken, that the said party of the first part may enter upon said premises, or take any of said mortgaged property wherever the same may be found, and sell and dispose of the same in the same manner as in cases of chattel mortgage on default thereof, giving six days' notice of the time and place of such sale, for the best price he can obtain for the same, and retain sufficient money to pay any rent due hereon, or to grow due hereon, together with the costs of such sale; and said party of the second part hereby waives all benefit of any exemption law of this state in reference to the sale of said personal property for rent."

They gave evidence tending to show that the property in question had been placed on the leased premises, and that on December 20th, 1872, the day they seized the same, and which was pay-day under said lease, the plaintiff had clandestinely removed said property therefrom, with intent to cheat and defraud them of the rent due, and to deprive them of their security; and that he had abandoned said premises during the previous night; that they had kept the property until January 6, 1873, when, having given six days' notice thereof, they sold the same at public auction for three hundred and one dollars and fifty-five cents; that the rent due on December 20th, 1872, was one hundred

and twenty-five dollars, which had never been paid, and that no rent had been paid since that date.   The plaintiff gave evidence to show that the dwelling on said premises was destroyed by fire in May, 1872, and that he abandoned the premises and removed the property therefrom in consequence of that fact.

The circuit judge instructed the jury, in substance, among other things, that under the evidence the plaintiff was entitled to recover the value of the property at the time it was taken, less the one hundred and twenty-five dollars rent due.   The verdict was for plaintiff, and the damages were assessed at four hundred and twenty-three dollars and forty cents.   The defendants brought error.

*Minock & Baker*, for plaintiffs in error.

*Otto Kirchner*, for defendant in error.

GRAVES, J.

The stipulation in the lease was not a mortgage.—*Holmes v. Hall, 8 Mich., 66.*

It was an agreement which, as between Dalton and Laudahn, empowered the former to subject the property pursuant to its provisions.   And by those provisions the right to take property on account of rent could be exercised only on default in the payment of rent.   The 20th of December was pay-day, and Laudahn had the whole day in which to make payment.   There could be no default as to rent, therefore, until that day should be past.   But the property was taken on the 20th, and consequently before default made in the payment of rent.   There was no right given by the stipulation to take property to meet any other claim than rent, and it therefore becomes unimportant to inquire whether the writing on the back of the lease formed a part of it or not.   As the agreement did not warrant the taking on the 20th, the act was a trespass.

The property was sold at public auction pursuant to the agreement, and brought three hundred and one dollars and fifty-five cents. Under the instructions of the court Laudahn was allowed to recover the full value of the property less one hundred and twenty-five dollars, which was the amount of rent due on the 20th of December.

The plaintiffs in error claim that if Laudahn was entitled to recover any thing, it could not exceed such damage as he suffered in consequence of being deprived of the property from the time it was taken, on the 20th, to the 21st, when he would have been authorized to seize it; and this claim is based on the claim giving the right to take and sell the property in case of default, and to retain out of the proceeds not only the rent due, but that to grow due, and on the fact that the rent due at the time, together with that to come due subsequently, would exceed the sum for which the property sold.

Dalton had no interest in the property by force of the agreement, nor any right to take it on the 20th. Laudahn was owner and had full legal right to dispose of the chattels at any time during that day, and make the money to pay the rent. Such being the position of the parties as to their legal rights, Dalton nevertheless took the property and disposed of it, and he claims that if he had not taken it when his taking was unauthorized and a trespass, he might have taken it when his taking would have been warranted. As, however, he did not take it by authority, but by wrong, and by so doing precluded Laudahn from exercising his legal right to turn the property and pay the rent due on the 20th, I am unable to discover any satisfactory ground for saying that the damages should have been regulated by the circumstance that if the property had not been taken on the 20th, and Laudahn had been in default respecting the rent, there might have been a taking on the 21st. After the events which happened, it was not admissible to assume as a reason for regulating the recovery, that

Laudahn would have been in default about the rent on the 21st, if the property had not been wrongfully taken on the 20th.

The rule seems to be settled that when property is tortiously taken, the owner is not only entitled to an action, but to full compensation in damages, and that no mere act of the wrong-doer will suffice to discharge him. A subsequent sale on legal process against the owner, but in favor of the trespasser, it has been decided, cannot be shown to reduce the damages.—*Otis v. Jones, 21 Wend., 394.* It would be otherwise if the subsequent legal proceeding should appear to have been in favor of some one other than the trespasser.—*Higgins v. Whitney, 24 Wend., 379.* If, then, Dalton had, after his tortious seizure on the 20th, proceeded against the property by legal process, to a sale and application of the proceeds on some demand held by him against Laudahn, his subsequent proceeding under process would not have been admissible to reduce the damages in an action for the original tortious seizure, and it is difficult to see how his position can be any better when, as in this case, he proceeds under a mere power conferred by the other party.

As this view disposes of the objections, the judgment must be affirmed, with costs.

The other Justices concurred.