DANIELS v. LOGAN ET AL.

1. **Landlord and Tenant:** POSSESSION: ATTACHMENT. Where the landlord sued for rent and attached the property of the tenant, after which the tenant permitted his property to remain in the building without demanding a surrender of possession by the landlord or officer making the attachment, *held*, that the tenant was liable for rent, notwithstanding the levy of attachment and possession of the premises thereunder.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 12.

THE defendants leased of one G. W. Wilson a store room for one year, commencing April 1, 1876, agreeing to pay therefor $240, payable quarterly in advance. Plaintiff having purchased the premises at sheriff's sale, on the 29th day of September, 1876, commenced an action for two quarterly installments, alleging that nothing but time was wanting to fix an absolute indebtedness, and that defendants were about to dispose of their property with intent to defraud their creditors. The cause was tried by the court, and a finding was submitted as follows: "I find that on February 22, 1876, defendants and one George W. Wilson executed the lease described in petition, that defendants entered into possession thereof and continued in control and possession until about September 29, 1876; that they paid the rents to said Wilson to October 1st, 1876; that on the 26th day of August, 1876, the said premises were sold by the sheriff of Linn county to plaintiff, who became the purchaser and received a deed therefor; that there was no redemption from said sale, and that plaintiff from and after said sale was entitled to the rents and profits of said premises; that at the time of said sale, or thereabouts, said Wilson signed and transferred said lease to plaintiff; that on the 29th day of September plaintiff sued out a writ of attachment against the goods of said defendants, and on the same day the sheriff attached all the personal property of defendants, or either of them, in the leased premises; that

the sheriff shut up and locked said room without the consent of defendants, for about two months; that the said George W. Wilson held the key during said time; that about November 24th the said key of said room was handed by Wilson to defendant, Logan; that he took it and kept it over night, and laid the same on the desk of plaintiff, and left; that plaintiff has held possession of said key ever since; that the attached goods have remained in said room until within a month past in the custody of the sheriff; that defendants never surrendered possession of said premises, and never were evicted by plaintiff, and never demanded possession thereof from plaintiff or from the sheriff; that defendant, Logan, for himself and Dean, did, about the 27th day of September, 1876, offer to surrender said premises to plaintiff, but said surrender was not accepted; that about November 1st plaintiff had an opportunity to lease said premises, but declined so to do; and about March 1st he had an offer to lease said room, but declined to lease it; that the rent is due at the rate of $20 per month, from October 1st 1876 to April 1st 1877, and that plaintiff should have judgment for said sum against said defendant, Logan, for $120 and costs." In accordance with this finding judgment was rendered for plaintiff. Defendant appeals.

*Thompson & Davis*, for appellant.

No argument for appellee.

DAY, CH. J. Under the facts found by the court, of which no complaint is made, the decision, we think, is right. The

1. LANDLORD and tenant: possession: attachment.

court has found that defendants never surrendered possession of the premises, and that they never were evicted by plaintiff, and never demanded possession from him or from the sheriff. From the finding of facts it seems that the shutting up and locking of the room was the act of the sheriff, for the purpose of holding possession of the attached property. It does not appear that the plaintiff had anything to do with it further than simply suing out the attachment. Whether or not the sheriff should have provided other storage and custody for the attached property, and

left the defendants in the unobstructed possession and enjoyment of the building, it is not proper that we should undertake to determine in this case. But, as there was neither surrender to plaintiff nor eviction by him, we are unable to see how defendants can be discharged from their obligation to pay rent.

AFFIRMED.