T. Henry McNALLY vs. William Wilkinson.

PROVIDENCE—DECEMBER 14, 1897.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

A lawful act cannot be accomplished by unlawful means, and the law will interpose to restore the party injured thereby to his rights.

An attempt, by successive attachments, to secure a sufficient amount in the hands of a garnishee to pay a claim in full and then, without entering the writ or writs employed for this purpose, to commence a fresh suit by attaching the fund thus accumulated, works a wrong upon the defendant and is a perversion of civil process.

The court has inherent control over its process and will always see that it is not abused, or perverted to purposes of oppression.

A plaintiff may secure a sufficient sum to satisfy his claim by successive attachments made on his first writ within the time limited therefor, or on writ of mesne process thereafterwards, but it is abuse of legal process to go as far as he can on the first writ and then, without entering it, sue out another for the same cause of action and attach the same or an additional amount to satisfy his claim.

ASSUMPSIT.   Heard on exceptions to the ruling and decision of a District Court.

TILLINGHAST, J.   The record submitted in this case shows the following facts, viz.: On the 9th day of July, 1897, the plaintiff sued out of the District Court of the Eleventh Judicial District a writ of attachment against the defendant, returnable to said court on the 24th day of the same month. Service of said writ was made on the Moshassuck Valley R. R. Co., the garnishee therein named, on July 9, 1897, and again on the 15th day of the same month, for the purpose of attaching money in its hands belonging to the defendant. The writ was also duly served on the defendant, but was not entered in court.   On the 21st day of July, 1897, the garnishee duly made a return to said court of the amount in its hands on the said 15th day of July, although the writ had not been entered as aforesaid.

The writ in the case now before us was issued from the same court on said 24th day of July, it is for the same cause of action as the one first above mentioned, it was served on

the same garnishee, and the money attached in said former suit was again attached in this. These facts having been properly made to appear in the District Court, the defendant moved that the garnishee be discharged, but the motion was denied and the garnishee charged for the amount in its hands; whereupon the defendant duly excepted, and the case is before us on exception to said ruling and decision.

We think the ruling was erroneous. The evident purpose of the plaintiff in the proceedings recited, taken as a whole and unexplained, was by successive attachments to secure a sufficient amount in the hands of the garnishee to pay his claim in full, regardless of the legal rights of the defendant. And while it was perfectly proper for the plaintiff to attach a sufficient amount to satisfy his claim on the first writ, either by successive attachments thereon, within the time allowed for the service and before the return day thereof, or by a writ of mesne process issued after the entry thereof in court (Gen. Laws R. I. cap. 252, § 17), yet it was an abuse of legal process to go as far as he could on the first writ and then, without entering that, to sue out another for the same cause of action, and attach the same or an additional amount to satisfy his claim. The law abhors a multiplicity of suits for the same cause of action. If the plaintiff could abandon his first suit in this way and commence a second, he could also abandon a second, a fourth, and so on indefinitely, to the great annoyance and vexation of the defendant and also of the garnishee. To use the process of the court to thus tie up money in the hands of a garnishee until the amount shall become large enough to satisfy the plaintiff's claim, and then, without entering the writ or writs employed for this purpose, to commence a fresh suit by attaching the fund thus accumulated, not only works a wrong upon the defendant, but is a perversion of civil process, and cannot therefore be sanctioned. The principle that even a valid and lawful act cannot be accomplished by unlawful means, and that wherever such means are resorted to the law will interpose to restore the party injured thereby to his rights, is a salutary and well established doctrine of the law. Thus, in *Ilsley* v.

*Nichols*, 12 Pick. 270, it was held that an attachment made by breaking open a dwelling-house, and then attaching property therein, rendered said attachment unlawful and invalid. Shaw, C. J., in delivering the opinion of the court, said, amongst other things, that the law will "operate prospectively to prevent the acquisition of any lawful right by the excess and abuse of an authority given for useful and beneficial purposes."

The court will always see to it that its process, over which it has inherent control, is not abused or perverted to purposes of oppression. See *McCusker* v. *Mitchell*, 20 R. I. Part 1, 17.

The exception is sustained, and the case remitted to said District Court with direction to discharge the garnishee.

*Claude J. Farnsworth*, for plaintiff.

*Lellan J. Tuck*, for defendant.