## A. H. WOLF v. C. H. RANCK, Appellant.

**Landlord and tenant:** ACTION FOR RENT: INJUNCTION. In this action upon an unexpired lease to recover one month's rent and to restrain the lessee from committing waste, the judgment of the lower court that, notwithstanding the exclusion of defendant from the building so as to relieve him from payment of rent, the lease had not been cancelled, but was still in force, so as to render defendant liable for an installment of rent in advance, was erroneous; and it is determined on this appeal that plaintiff was neither entitled to judgment for one month's rent nor to an injunction.

**Same:** PAYMENT OF RENT IN ADVANCE. Where a lease provides for payment of rent monthly in advance the lessee is entitled to the first day of the month to make such payment.

*Appeal from Cedar Rapids Superior Court.*—HON. C. B. ROBBINS, Judge.

### SATURDAY, JANUARY 14, 1911.

ACTION aided by landlord's attachment for rent, consolidated with an action in equity to enjoin the defendant from removing his property from the premises and committing waste. By the answer issue was raised as to plaintiff's right to recover rent, and there was also a counterclaim for an installment of rent paid, for which no consideration was received. There was a judgment for plaintiff in the law action for one monthly installment of rent, and a decree in the action in equity perpetually enjoining defendant from committing waste or removing any part of his property from the leased building. The defendant appeals.—*Reversed* and *remanded*.

*F. L. Anderson* and *Bruce Barnett,* for appellant.

*B. L. Wick* and *Lewis Heins,* for appellee.

McCLAIN, J.—On June 17, 1909, plaintiff filed his petition alleging that defendant was indebted to him for three monthly installments of rent under a five-year lease of a building occupied by defendant; said lease expiring May 15, 1911. The monthly rental was $41.66. In addition to allegations as to a prior adjudication which need not be further referred to, the defendant pleaded eviction by plaintiff on April 15, 1909, and a continuance by plaintiff in the possession of the premises, constituting a cancellation of the lease and relieving the defendant from further liability for rent. Defendant further pleaded that on July 12, 1909, he paid one monthly installment of rent to the plaintiff, which plaintiff accepted, still holding possession of the premises and depriving defendant of the use thereof, and for this amount defendant asks judgment as for money had and received without consideration. By way of reply, plaintiff alleged that the payment of rent on July 12 was accepted and receipted for as a payment of the monthly installment due April 15. There was evidence tending to show that a prior action for one month's rent due and payable in advance on April 15, 1909, had been commenced on that date, aided by landlord's attachment, under which plaintiff had caused the goods of defendant in the building to be levied upon and the building itself locked up, and that on the trial of such action which was held on the 17th of June, 1909, said action was dismissed as having been prematurely brought and the attachment discharged as wrongful. There was also evidence tending to show that defendant had not occupied nor had the use of the building after it had been closed by plaintiff on the 15th of April. On the other hand, there was evidence tending to show that defendant, after April 15, posted in and about the building rent signs or placards indicating his desire to sublet the premises, and in other ways expressed

his intention to do so if practicable, and that in July his agent made a payment of one month's rent to the plaintiff, consenting to its application as rent due in advance on April 15, and that defendant subsequently offered to pay further rent to plaintiff and otherwise indicated his understanding that the lease was not canceled.

The court found that while the levy of the landlord's attachment on April 15 was unauthorized, because no payment of rent was due until the expiration of that day and the closing of the building by plaintiff was unlawful, defendant had not treated the wrongful act of the plaintiff as constituting a cancellation of the lease, but had waived his right to do so by subsequently tendering and making payment of rent and otherwise asserting his continuing right in the premises as tenant, and that the contract of lease continued in full force and effect. The court further found on the date of trial, October 15, 1909, that no further rent for the period from May 15 to that date was due from defendant on account of the exclusion of defendant from the premises by plaintiff, but that the lease was not canceled and defendant was entitled to possession of the premises, and also indebted to plaintiff in the sum of one monthly installment of rent in advance, from October 15 to November 15; and the court rendered judgment for the plaintiff in the amount of $41.66, and costs, and made perpetual the preliminary injunction granted in the equity case, restraining defendant from committing waste and removing his goods from the building.

1. LANDLORD AND TENANT: action for rent: injunction.

We are wholly unable to understand on what theory the lower court held that, notwithstanding the exclusion by plaintiff of defendant from the building, such as to relieve defendant from obligation to pay rent from May 15 to October 15, the date of the judgment, the lease had not been canceled, but was in full force and effect and the defendant entitled to possession, so as to be liable for

one month's installment of rent in advance from said date. There was no doubt a conflict in the evidence as to whether the acts of the plaintiff did in fact amount to an exclusion of defendant, such as would constitute. a cancellation of the lease. But defendant was insisting that he had been fully and completely excluded from possession, and that the lease had therefore been canceled, so as to be of no further effect, and there is no pretense that he had any actual use of or had in fact occupied the building between the 15th of April and the date of judgment. If the court found under the evidence that defendant had been excluded by plaintiff from the use and enjoyment of the premises during this period, then the claim of cancellation relied upon by defendant should have been sustained and judgment for an advance installment of rent should not have been rendered. If, on the other hand, the court found that there had been no exclusion of the defendant, or by reason of his acts he continued in fact to control the building in pursuance of his lease, then judgment should have been rendered for the plaintiff for installments of rent due for such period. As plaintiff is not complaining now of the failure of the court to give him judgment for rent during the period between May 15 and October 15, we might be justified in sustaining the finding of the court that the lease had not been canceled, such finding being made in a law action tried to the court without a jury, were it not for the manifest error of the court on this theory in rendering judgment for an advance installment of rent payable on that day under the terms of the lease.

If, on that day, the lease was still in force and the defendant was under obligation in accordance with its terms to pay a monthly installment of rent in advance, he was entitled to the entire day in which to make such payment (*Smith v. Shepard,* 15 Pick. [Mass.] 147, 25 Am. Dec. 432) and it was error to then render judgment against him for

2. SAME: payment of rent in advance.

that amount and tax to him the cost of the entire proceeding, and, further, to grant a perpetual injunction against him in the equity case followed by the taxation to him of costs in that action, when, by the express finding of the court, he was on that day not in default for any installment of rent whatever.

The judgment and decree were both erroneous, and the case must be remanded for further proceedings not inconsistent with the views of this court herein expressed.— *Reversed* and *remanded.*