## STATE OF IOWA

AT

### DES MOINES, MAY AND SEPTEMBER

TERMS, 1913,

AND IN THE SIXTY-SEVENTH YEAR OF THE STATE.

---

A. H. WOLF, Appellee, v. C. H. RANCK, Appellant.

**Landlord and tenant:** EVICTION. The levy of a landlord's writ of attachment will not alone amount to an eviction of the tenant, although possession of the leased premises is taken by the officer that he may hold the attached property. But even if there was an eviction in the instant case the evidence is held to support a finding that it was waived by the subsequent acts of the parties with respect to the payment and receipt of rent.

**Same:** LIABILITY OF TENANT FOR COSTS. Where a landlord brought suit to restrain his tenant from removing his goods from the premises until the rent was paid, the tenant was liable for accrued costs although by a later agreement the property was released.

*Appeal from Cedar Rapids Superior Court.*—HON. C. H. ROBBINS, Judge.

TUESDAY, MAY 13, 1913.

LAW action to collect rent alleged to be due under a lease, and for the value of improvements which, as a part of the rent consideration, were to be, but were not, made.—*Affirmed.*

Equity proceeding for injunction to restrain the lessee from removing his goods from the leased premises until rent should be paid.—*Affirmed.*

*E. W. Griffiths* and *J. H. Preston,* for appellant.

*B. L. Wick* and *Lewis Heins,* for appellee.

WITHROW, J.   One phase of this difficulty has heretofore been before this court in *Wolf v. Ranck,* 150 Iowa, 87, it being then determined that the proceeding for the enforcement of the landlord's lien was brought at a time when no rent was due, and that the judgment entered by the lower court was erroneous.   A full statement of the claims made in the pleadings is necessary to a proper understanding of the case.

On June 17, 1909, the appellee filed in the superior court of Cedar Rapids his petition for landlord's attachment under a lease, in force between the parties for property in Cedar Rapids, covering the period of five years from May 15, 1906, at a monthly rental of $41.66, payable in advance, alleging rent to be due from April 15, 1909, to June 15, 1909.   Amendment to the petition was filed June 7, 1911, claiming rent for the remainder of the period covered by the lease.   Claim also was made that as a further consideration for the lease the lessee, appellant, agreed to erect upon the leased premises a structure, the dimensions and character of which were described and agreed upon in the lease, and that he failed to do so, and appellee seeks recovery for such failure.

In his answer the defendant, appellant, following a general denial, admits the execution of the lease, says as a defense

against the claim that on the 15th day of April, 1909, the plaintiff, the appellee, commenced two actions for landlord's attachment, and caused levy to be made upon the property of the defendant situated and kept in the premises; that at the time of the levy plaintiff ordered the defendant to quit the possession of the leased premises, and procured the officer levying the attachment to require the defendant to quit possession, and said officer evicted defendant from the premises; and that since said act the plaintiff, appellee, has kept possession of the premises.

In reply the plaintiff pleads that subsequent to the alleged eviction the defendant paid or caused to be paid to plaintiff one month's rent, and took a receipt therefor; that later he tendered two months' rent; that he offered the property for rent, and attempted to dispose of his lease; and that both parties treated the lease as being in force.

The two causes were by agreement tried before the court as one, and in the law action it was determined that the plaintiff was entitled to recover the rent for the period of the lease following the commencement of the action until its expiration, less the amounts waived by and admittedly received by the plaintiff, and also the value of the building which the lessee bound himself to erect. The equity proceeding for injunction was dismissed by the court at the cost of defendant; it appearing that the lease had expired, and that the parties had agreed upon a disposition of the property, the removal of which had been temporarily enjoined.

I.   The main question in the case is whether there was an eviction of the tenant by his landlord, and, following that, whether, if there was an eviction, it was waived by the parties in their subsequent relations to each other and to the property. The levy of a landlord's attachment upon property subject to the lien for rent, even when accompanied by taking possession of the leased premises by the officer acting under the writ, for the purpose of holding the attached property in his custody, does

1. LANDLORD AND TENANT: eviction.

not constitute eviction. *Daniels v. Logan,* 47 Iowa, 395. There is a dispute as to whether at the time of the levy the landlord demanded of his tenant, the appellant, a surrender of the premises, and that it was yielded because of the alleged demand.

That the appellant, after the alleged eviction, by his agent, and under his direction, paid one month's rent to his landlord, is clear. He claims, however, that such was done in the belief that the difficulties between the parties had been settled, and such, substantially, appears in his letter directing the payment. He was, however, then or soon after, advised of the pendency of the present action against him, and with such knowledge sought to sublet the premises, and in other ways assumed the right to control the use of the property. The trial court found "that by reason of the acts of the defendant in the payment of rent, and tender of rent, and seeking to lease the premises, and placing the property in the hands of his agent for rent, and offering to sell the lease, . . . the lease continued in force, and was so treated by both the plaintiff and defendant." There being evidence from which such conclusion could be reached, that finding must be given the weight of the verdict of a trial jury.

II. It having been determined that rent was due at the time of the commencement of the action in equity for an injunction, the appellee was in the exercise of his rights in moving as he did. The later agreement for the release of the property, the removal of which was sought to be restrained, while disposing of the proceeding, did not relieve the defendant of his liability for the accrued costs.

2. SAME: liability of tenant for costs.

The judgment in the law action and the judgment for costs in the injunction proceeding are *Affirmed.*