SELLÉS, CASAS & CO., PLAINTIFFS AND APPELLEES, v.
BETANCOURT ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action
of Unlawful Detainer.

No. 3111.—Decided July 26, 1923.

APPEAL—UNLAWFUL DETAINER—LEASE—RENT—PAYMENT IN ADVANCE—DEPOSIT.
—When according to the terms of a lease the rent is to be paid monthly
in advance, the deposit of rent instalments which the appealing lessee or
tenant is required to make in order to prosecute an appeal in an action
of unlawful detainer for nonpayment of rent must be made on the first
day of each month, when the obligation becomes due. Otherwise a motion
by the appellee for dismissal of the appeal will be sustained.

The facts are stated in the opinion.

Mr. A. Aponte, Jr., for the appellants.

Mr. A. L. López for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is an action of unlawful detainer in which judg-
ment was rendered on June 16, 1923, and an appeal was
taken on the 21st of the same month. The plaintiff-appellees
moved for the dismissal of the appeal because the action is
founded on the non-payment of the rent and the rent for the
month of July had not been deposited in the court. The
appellants opposed the motion and filed a certificate of the
clerk of the district court showing that the deposit was
made on July 5th. The appellees agree that section 15 of
the Unlawful Detainer Act of 1905 provides that the plain-
tiff may move for the dismissal of the appeal in case the
defendant fails to deposit the amount of each and all of the
installments under the lease as they become due, and that in
this case, in accordance with the contract, the rent was due
on July 1st and on that date it had not been deposited.

The contract stipulates that the rent shall be paid
monthly in advance. When is a monthly installment paya-
ble in advance considered to have become due? The answer
to this question will decide the controversy.

At the hearing on the motion counsel for the appellants stated that there is Spanish as well as American jurisprudence to the effect that in cases like the present in which the rent is to be paid monthly in advance the lessee has a reasonable time of from seven to ten days within which to make payment. Yet counsel did not give the court the benefit of that jurisprudence. On the contrary, the cases that we have examined do not favor the appellant's position.

In *Sherlock* v. *Thayer* the Supreme Court of Michigan expressed itself as follows:

"The only case we have been able to find which bears directly upon the question before us, is that of *Smith* v. *Sheppard*, 15 Pick., 147, where it was held on a convenant to pay rent quarterly, *in advance* (the first day of the quarter falling on the first of October), that the lessee had the whole of that day in which to pay it. The principle settled by that case is, that when rent is made payable quarterly, or at other stated intervals, in advance, the tenant has the whole of the first day of each succeeding quarter, or other interval of time, in which to make the payment. This rule is founded in reason and justice, is consistent with the rules of law in analogous cases, and with the common understanding and experience of men, and operates to place such a construction upon the covenant as will preserve the rights of both parties to it. Were there any doubt respecting the meaning of the words or intention of the parties, we should arrive at the same conclusion, by observing the well settled canon of construction, that words are to be construed according to their legal sense or ordinary import, and, if this be doubtful, the intention of the parties to the contract is to govern. If this intention is doubtful, such a construction is to be adopted, if the words will admit of it, as will save an estate, rather than create a forfeiture: 1 Pick., 485." *Sherlock* v. *Thayer*, 4 Mich. 358.

And in *Deyo* v. *Bleakley* the Supreme Court of New York said:

"As, according to the uniform current of authority since the decision of Lord Mansfield, in *Pugh* v. *Duke of Leeds*, the expression

in this lease denoting the commencement of the term, viz., '*from* the first day of April next,' may be either inclusive or exclusive of the *terminus a·quo,* as the parties may have designed; and as, immediately after this expression, there is another which seems to declare that the first day of April in each of the years of the term shall occur at its commencement; (for the rent is to be paid in equal quarter yearly payments on the first days of *April, July, October* and *January,* in each year;) and as these provisions are not only sensible and coherent in themselves, but are in entire consistency, when thus read, with the whole frame work of the lease, I am lead to the conclusion that this term did commence on the first day of April, 1853, and included that day; and that the first quarter's rent was payable on that day in advance." *Deyo* v. *Bleakley,* 24 Barbour's Reports, 14.

No deposit having been made during the whole of the first day of July of the rent that became due on that day under the contract calling for monthly payments in advance, the motion of the appellee is based on the law and should be sustained; therefore, the appeal is dismissed and the case will be remanded to the trial court for the resulting purposes.

*Appeal dismissed and case remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.