ERB-KIDDER CO. *v.* LEVY.

1. GARNISHMENT—WHEN DEBT GARNISHABLE—STATUTES.
   Statute permitting garnishment of "debts due or to become due" relates only to debts existing at time of garnishment and payable then or in future; if payment only is delayed, statute applies, otherwise not (3 Comp. Laws 1929, § 14858).

2. SAME—RIGHT OF PLAINTIFF IN GARNISHMENT SUIT.
   Right of plaintiff against garnishee, except there be fraud, is no more than right of principal debtor.

3. LANDLORD AND TENANT—WHEN RENT PAYABLE IN ADVANCE DUE.
   Where rent, under lease, is payable first day of each month, in advance, lessee has whole of first day of each month in which to make payment.

4. GARNISHMENT—RENT NOT GARNISHABLE BEFORE DUE.
   Rent, before it is due, is not subject to garnishment.

5. SAME—ABUSE OF PROCESS—SUCCESSIVE WRITS.
   It is perversion of civil process which cannot be sanctioned to tie up money in hands of garnishee by writ of garnishment or by successive writs, and then, without prosecution of writs employed for that purpose, to begin fresh suit by attaching accumulated fund.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 25, 1933. (Docket No. 165, Calendar No. 36,679.) Decided March 1, 1933.

Garnishment proceedings by Erb-Kidder Company, a Michigan corporation, against Jacob J. Levy, principal defendant, and Kroger Grocery & Baking Company, a corporation, garnishee defendant, to reach monthly instalments of rent. On motion to quash by principal defendant. Motion denied. Principal defendant appeals. Reversed, without a new trial.

*George A. Dondero* and *Arthur E. Moore,* for plaintiff.

*Harry J. Merritt,* for principal defendant.

WIEST, J.  Plaintiff sued defendant Jacob J. Levy and obtained a judgment in the circuit court.

December 30, 1930, plaintiff sued out a writ of garnishment against the Kroger Grocery & Baking Company, a tenant of Levy, to reach a monthly instalment of rent, payable in advance on January 1, 1931.  January 30, 1931, a second writ of garnishment was sued out to reach the rent payable in advance on February 1st.  February 4, 1931, defendant Levy moved to quash the writs alleging,

"That each of said writs of garnishment was served before there was any money due the principal defendant from the garnishee defendant, as is shown by the files and records in this cause,"

Also—

"That whatever moneys would be due from the said garnishee defendant to principal defendant would be by virtue of a written lease according to the terms of which the rent is payable on the first day of the month."

The record does not show the date of argument of the motion, but on March 10th the motion was denied, the court holding the writs valid under the provision of 3 Comp. Laws 1929, § 14858, permitting garnishment "of any debts due and to become due from such garnishee to the principal defendant." As pointed out later in this opinion, the motion should have been granted.

Notwithstanding the motion, plaintiff sued out still another writ of garnishment on February 20th, evidently to impound the rent due and payable, in advance, on March 1st.  March 3, 1931, plaintiff

sued out a fourth writ of garnishment for the January, February, and March rents, theretofore impounded, and now contends that all the writs were valid, but, in any event, the writ of March 3d justified the court in entering judgment against the garnishee for the three months' rent. The first three writs were premature and wholly abortive, and the last writ was a perversion of civil process. At the date of the first writ the rent was not due, and, therefore, was not an existing debt due or to become due.

The mentioned statute permitting garnishment of "debts due or to become due from such garnishee to the principal defendant," relates only to debts existing at the time of garnishment and payable then or in the future. If the debt is then a fixed one, and payment only is delayed, the statute applies, otherwise not.

As said in *Malone* v. *Moore,* 204 Iowa, 625 (215 N. W. 625, 55 A. L. R. 356):

"Was there 'a debt *to become due,*' so that it could be reached by the judgment creditor? The garnishment statute clearly contemplates that a garnishee shall be held *only* in the event that, *at the time* of the garnishment, he is *then* owing something to the judgment creditor. It must be something *then* due or something *then* owing that is to become due in the future. In other words, in order to hold a garnishee under the statute, it must appear that there is a definite and fixed obligation to pay in any event. If such an obligation is shown, then the garnishee may be held, whether the 'debt' is 'due' or whether *only time* is wanting, to fix its maturity."

It is elementary law that the right of a plaintiff against the garnishee, except there be fraud, is no more than the right of the principal debtor. In the case at bar the lease provided that:

"If said premises shall be destroyed or made untenantable by fire or other unavoidable casualty, * * * this lease shall cease and no rent shall be charged during the time they shall not be tenantable."

In *Malone* v. *Moore, supra,* a decree required the payment of $500 alimony on the last day of every month. Writ of garnishment to impound a payment due on the last day of a month was sued out before the date of payment. The court held, quoting syllabus:

"The defendant in a decree for alimony (if such decree be assumed to create a 'debt') is not garnishable on an instalment which is unmatured on the date of the garnishment, and the maturity of which will be wholly defeated by the death of the plaintiff in alimony before the maturity date as provided by the decree."

The applicability of this holding to the case at bar is obvious.

Where rent, under a lease, is payable the first day of each month, in advance, the lessee has the whole of the first day of each month in which to make payment. *Sherlock* v. *Thayer,* 4 Mich. 355 (66 Am. Dec. 539); *Wolf* v. *Ranck,* 150 Iowa, 87 (129 N. W. 319, Ann. Cas. 1912 D, 386); 36 C. J. p. 385; 16 R. C. L. p. 930. Where rent is so payable, in advance, a distraint by the landlord on such day would constitute a trespass. *Dalton* v. *Laudahn,* 27 Mich. 529. Rent, before it is due, is not subject to garnishment.

In *Ordway Brothers & Co.* v. *Remington,* 12 R. I. 319 (34 Am. Rep. 646), it was held that rent payable on the first day of the month was not legally due, and consequently not subject to garnishment, until after midnight of that day.

In *Thorp* v. *Preston,* 42 Mich. 511, it was held, quoting syllabus:

"A tenant cannot be garnished for rent payable in the future, and not absolutely due at the time of garnishment."

It is true that at the time of that decision the garnishment statute read debts "due or to become due, absolutely and without depending on any contingency," and now reads "debts due and to become due," but, as we have pointed out, the statute still requires an *existing* debt, either due or to become due.

The first writ was void. The second writ was void as to future rent, and as to rents stopped by the first writ it was a perversion of civil process. The third was void for the same reason. The fourth writ was a clear perversion of civil process and cannot be sanctioned.

"It is a perversion of civil process which cannot be sanctioned to tie up money in the hands of a garnishee by a writ of garnishment or by successive writs, and then without prosecution of the writs employed for that purpose to begin a fresh suit by attaching the accumulated fund." 28 C. J. p. 218, citing *McNally* v. *Wilkinson,* 20 R. I. 315 (38 Atl. 1053).

In that case successive writs of garnishment were sued out, and the principal defendant moved that the garnishee be discharged but the motion was denied. The court stated:

"We think the ruling was erroneous. The evident purpose of the plaintiff in the proceedings recited, taken as a whole and unexplained, was by successive attachments to secure a sufficient amount in the hands of the garnishee to pay his claim in full, regardless of the legal rights of the defendant. And

while it was perfectly proper for the plaintiff to attach a sufficient amount to satisfy his claim on the first writ, either by successive attachments thereon, within the time allowed for the service and before the return day thereof, or by a writ of *mesne* process issued after the entry thereof in court (Gen. Laws R. I. cap. 252, § 17), yet it was an abuse of legal process to go as far as he could on the first writ and then, without entering that, to sue out another for the same cause of action, and attach the same or an additional amount to satisfy his claim. The law abhors a multiplicity of suits for the same cause of action. If the plaintiff could abandon his first suit in this way and commence a second, he could also abandon a second, a fourth, and so on indefinitely, to the great annoyance and vexation of the defendant and also of the garnishee. To use the process of the court to thus tie up money in the hands of a garnishee until the amount shall become large enough to satisfy the plaintiff's claim, and then, without entering the writ or writs employed for this purpose, to commence a fresh suit by attaching the fund thus accumulated, not only works a wrong upon the defendant, but is a perversion of civil process, and cannot therefore be sanctioned. The principle that even a valid and lawful act cannot be accomplished by unlawful means, and that wherever such means are resorted to the law will interpose to restore the party injured thereby to his rights, is a salutary and well-established doctrine of the law.''

See, also, *Rustad* v. *Bishop,* 80 Minn. 497 (83 N. W. 449, 50 L. R. A. 168, 81 Am. St. Rep. 282).

The judgment against the garnishee defendant is reversed, without a new trial, and with costs to defendant Levy.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.