## SOUTHERN TEXTILE CO., INC.
vs.
## S. LEVIN

Superior Court     New London County     File #11776

Present:   Hon. ERNEST A. INGLIS, Judge.

A. A. Washton,                Attorney for the Plaintiff.

Joseph H. Thalberg,          Attorney for the Defendant.

## MEMORANDUM FILED MARCH 23, 1937.

INGLIS, J.  It is alleged and admitted in the pleadings in this case that the plaintiff being the owner of a building in Mystic, on October 5th, 1934, entered into an agreement with the defendant "that if the defendant remains on said premises subsequent to October 31, 1934, he shall remain as a monthly tenant at the rate of two hundred ($200.) dollars a month payable in advance on the first day of each and every month beginning with November 1, 1934."  It is undisputed that the defendant did "remain" on the premises and that certain machinery owned by him was still in the building when this action was started.  The defendant alleges in his answer that on February 18, 1935 "he was ousted of possession thereof by virtue of a writ of attachment in an action brought by the plaintiff against the defendant."  It appears that the attachment was in an action for past due rent and that the property attached was all of the personal property of the defendant then being stored in the plaintiff's said building.  The attachment was made under **Section 5718, General Statutes, Revision of 1930,** that is, by tagging the various articles and without removing them.  It also appears in evidence (although it is not alleged by the defendant and therefore may not be taken advantage of by him) that after the attachment the officer would not permit the defendant to enter the building except with the plaintiff's permission.

The only rent that the defendant has paid is the sum of $800.

The agreement between the parties clearly started a tenancy from month to month and the defendant thereby became bound, as each new month started, to pay the agreed rental for that month until such time as the tenancy should be terminated.  A tenancy is terminated by ouster or eviction only when the landlord intends to deprive the owner of possession or permanently interfere with the tenant's beneficial enjoyment of the premises.

**16 R.C.L. 687 (Landlord and Tenant, Sec. 173).**

There is no evidence in this case that the landlord in procuring an attachment of the defendant's personal property had any such intention.  It's only intention was to collect the rent which was due it.

In the first place the officer in making the attachment was

acting as the agent of the law and not as the agent of the plaintiff and in the second place even treating him as the agent of the plaintiff, what he took into his possession was not the leased premises but simply the property which was stored therein. The defendant still had the possession of the premises. He could have compelled the removal of the attached property. He could have substituted a bond for the property under attachment. And when he had done either of those things the sheriff would have gotten out.

Even though the defendant did not do either of those things, the mere fact that his personal property had been attached did not prevent his having free access to the leased premises. The only thing which prevented his free access to the premises was the fiat of the officer joined in by the plaintiff. As pointed out above the defendant does not specifically claim in his pleadings that that constituted an ouster but even though he had it is apparent that the refusal of the officer to admit the defendant to the premises except upon direction of the plaintiff was made as incidental to the attachment and in order to safeguard the property attached rather than from any intent to deprive the defendant of the possession of the premises. Moreover the defendant acquiesced in the arrangement without protest. In short even this conditional interference with the defendant's possession of the premises does not indicate any intention on the part of the plaintiff to deprive the tenant of his possession or permanently interfere with his enjoyment of the premises.

A landlord certainly ought to be in a position where he can collect the rent which is due him from a tenant without terminating the tenancy. The law gives him the right to bring suit for that rent and in aid of that suit he may, under the law, procure an attachment of the tenant's personal property. The landlord in this case in procuring the attachment of the tenant's property was simply pursuing a remedy provided by law for the collection of the rent which was due it. In doing that, the landlord only took possession of the tenant's personal property and interfered with the tenant's possession of the real estate only in so far as such interference was incidental to the perfection of the attachment. It can hardly be said therefore, that it, the landlord, evinced any intention of depriving the tenant permanently of the enjoyment of the leased premises or evinced any intention of evicting the tenant from his possession of the leased premises. There was, there-

fore, no ouster of the tenant from possession which would operate as a termination of the tenancy.

**In re Bradley, 225 Fed. 310.**

**Wolf vs. Ranck, 161 Ia. 4; 141 N. W. 442.**

**Potts-Thompson Liquor Co. vs. Capitol City Tobacco Co., 137 Ga. 648; 74 S. S. 279.**

The case of **Telegraph Avenue Corp'n vs. Raentsch, 269 Pac. 1109, 61 A. L. R. 365** and the cases referred to in the note to that case in **61 A. L. R. 372** cited by the defendant and holding that the appointment of a receiver on the application of a landlord terminates the tenant's liability for rent are not in point for two reasons. In the first place they are cases in which the receiver has taken possession of the leased premises instead of simply taking possession of the tenant's personal property in the leased premises. In the second place in those cases the receiver had been appointed in an action brought by the landlord for the distinct purpose of terminating the tenancy the appointment of the receiver being the first step in the recovery of the possession of the leased premises by the landlord. It therefore appeared clearly that the ouster of possession was with the intention on the part of the landlord to permanently deprive the tenant of the enjoyment of the leased premises.

The second count of the complaint sets up, in the alternative, a claimed cause of action on a settlement agreement which it is alleged the parties entered into on February 5, 1936. As regards this it is sufficient to say that it is found that the minds of the parties never met on at least two essential elements of the agreements, namely the matter of a lease for one year and the time of payment of the $2500. Moreover the understanding between the parties was that draft written contracts were to be submitted and interchanged and that neither party should be bound until a written contract was agreed upon and signed. The issues on the second count are therefore found for the defendant.

The cause of action stated in the first count is one for breach of contract and is at law. For that reason the plaintiff may in this action recover only such damages as accrued up to the date of the institution of this action that is March 26, 1936. By that time seventeen months' rent or a total of $3400. had accrued. On account of this the defendant had

paid $800., leaving a balance of $2600. To this should be added interest from March 26, 1936 to date amounting to $186.00.

Judgment may enter for the plaintiff to recover of the defendant $2786.00 damages and its taxable costs.