LAWRENCE, Respondent, v. JEWELL COMPANIES, INC., and and another, Appellants: TREHEY and another, Defendants.

*No. 274. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 695.)

For the appellants there were briefs by *Johns, Flaherty, Harman & Gillette* and *Robert D. Johns, Jr.,* all of La Crosse, and oral argument by *Robert D. Johns, Jr.*

For the respondent there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp,* attorneys, and *Joseph J. Bartl* of counsel, and oral argument by *Mr. Joseph D. Becker* and *Mr. Bartl,* all of La Crosse.

HALLOWS, C. J.    The court instructed the jury that the plaintiff might be entitled to compensatory damages for actual injury to his reputation, feelings, credit standing, and for loss of income caused by the slanderous remarks. This instruction in effect is recommended by Wis J I—Civil 2516. However, it is claimed there was no evidence to sustain any damage to credit standing and

financial loss and, therefore, the instruction was erroneous for including these items of damages. We agree. Instructions should be tailored to fit the evidence. Civil Instruction 2516 includes both general damages which require no proof and special damages which do.

Theisen's slanderous remarks were made on three occasions, once in mid-April of 1968 when Theisen stated to Mr. and Mrs. Potaracke at their home in La Crosse in the presence of Lawrence that Lawrence was a crook, had stolen money from customers and from Jewell, and had been overcharging his customers. Two weeks later, Theisen again told the Potarackes, who were former customers of Lawrence, that Lawrence had stolen $10,000. In late April of 1968, Theisen told a Mrs. Wood, who had been a customer of Lawrence, that Lawrence had cheated both his customers and Jewell and he had overcharged his customers. Mrs. Wood communicated this statement to her husband and to Lawrence. The statements, being slanderous per se, obviously harmed Lawrence's reputation.

Lawrence testified that the knowledge of these accusations made him nervous and upset. While he admits he was taking tranquillizers before Theisen's remarks and did not see a doctor after the remarks were made, his wife stated his health definitely deteriorated after he heard Theisen's statements and he was also unable to sleep or to relax.

The evidence as to loss of income or of employment opportunities is not so clear. Lawrence testified he was unable to find other employment for about six months. He then worked for about a year selling hosiery but was suddenly discharged by his employer with no explanation. He contacted at least a dozen prospective employers and while initially he received favorable responses from some of them, he was ultimately turned down without any explanation. In one instance, Jewell

wrote to the manager of a servi-soft water conditioning company in a reply to a request for Lawrence's employment background that Jewell preferred not to make any statements and recommended a call or a personal visit. Because of the tenor of this reply, the manager did not want to hire Lawrence. The record is devoid of any direct evidence that a slanderous statement was made to a prospective employer. It is claimed Lawrence lost retirement benefits, but such damage is not a result of the slanderous statements made by Theisen. Such loss might be proper in an action for wrongful discharge but not for slander on these facts. Nor is there any direct testimony in the record relating to loss of credit standing.

While it is claimed the evidence of damage is not sufficient in respect to feelings and reputation, the law does not require specific proof on these two elements of damage. In *Martin v. Outboard Marine Corp.* (1962), 15 Wis. 2d 452, 113 N. W. 2d 135, we adopted the rule set forth in Restatement, 3 *Torts*, Defamation, p. 170, sec. 570, that proof of actual monetary loss was not necessary for damage to reputation and feeling where the remarks were slanderous per se. However, if special damages for these elements are proved, such damage, like special harm other than to reputation and feelings, is also recoverable. This view was followed in *Dalton v. Meister* (1971), 52 Wis. 2d 173, 188 N. W. 2d 494, citing Restatement, 3 *Torts*, Defamation, p. 314, sec. 621.

The legal encyclopedias distinguish general damages from special damages by defining "general damages" as those not easily estimable in monetary terms, such as injury to feelings, reputation, anguish, humiliation, and "special damages" as denoting harm of a more material or pecuniary nature. 50 Am. Jur. 2d, *Libel and Slander*, pp. 870, 879, secs. 350, 356; 53 C. J. S.,

*Libel and Slander,* pp. 363, 364, sec. 240. It would seem as a matter of public policy that because of the difficulty of proof and the certainty of damages to reputation and feelings flowing from a per se slanderous statement that some damages commensurate with reason should be granted as compensatory damages even if it is only nominal damages. General compensatory damages has one ground in common with punitive damages, *i.e.,* neither need be specifically proved. The reason for granting punitive damages, however, is to punish the declarer and to serve as a deterrent to others and not to compensate the injured although he receives the award. *Malco v. Midwest Aluminum Sales* (1961), 14 Wis. 2d 57, 109 N. W. 2d 516. Here, punitive damages of $1,500 were granted, but no question is raised concerning either the right to grant such damages or the amount thereof. Consequently, we do not deal in any respect with punitive damages.

Under *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393, this court, when the jury awards excessive damages, may grant the defendant a new trial conditioned on the plaintiff being granted the right of filing a remittitur, waiving the excessiveness of the verdict and accepting judgment for a reasonable amount fixed either by the trial court or by this court. The *Powers* rule may be applied in case of error where such error is directly and solely related to the damage issue. *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. 2d 635, 646, 124 N. W. 2d 593; *see Wells v. National Indemnity Co.* (1968), 41 Wis. 2d 1, 162 N. W. 2d 562, and cases therein cited for procedure. We think the award of $25,000 in compensatory damages is excessive and the *Powers* rule should be invoked. Since the trial court overruled the motion to apply the *Powers* rule, this court will not remand this matter for that purpose. After carefully reviewing the

record, and keeping in mind the extent of the circulation of the defamatory statements [1] and the unsuccessful attempt to prove the defense of truth,[2] we conclude a reasonable compensatory award for the damages sustained is $12,000.

While there are arguments made concerning other issues, we do not regard them as having merit or warranting discussion.

*By the Court.*—Judgment reversed and a new trial granted unless the plaintiff within twenty days from the date of remittitur of this case files a remittitur in the trial court of the excessive damages and elects to take judgment for $12,000 compensatory damages together with the punitive damages awarded.

---

[1] *See* 53 C. J. S., *Libel and Slander*, p. 382, sec. 264; *Yavis v. Sullivan* (1950), 137 Conn. 253, 76 Atl. 2d 99; *Van Norman v. Peoria Journal Star, Inc.* (1961), 31 Ill. App. 2d 314, 175 N. E. 2d 805.

[2] Restatement, 3 *Torts*, p. 315, sec. 621, Comment *c*.