HERRMEYER and wife, Plaintiffs-Appellants, v. KLEEMAN, Defendant-Respondent.

*No. 75–175. Submitted on briefs February 2, 1977.—*
*Decided March 15, 1977.*
(Also reported in 251 N. W. 2d 445.)

412

For the appellants the cause was submitted on the briefs of *Dillman and Holbrook* of Sheboygan.

For the respondent the cause was submitted on the brief of *MacDonald & Widder* of Manitowoc.

ROBERT W. HANSEN, J. Plaintiffs claim trial court error in submitting to the jury as a matter of law that plaintiffs breached their lease of the office space. The attack is three-pronged, and each prong will be dealt with separately.

Plaintiffs first argue they did not breach the four-month lease by payment of the April rent on April 2nd. The rent for April was due "in advance." Defendant claims it was due by March 31st. Plaintiffs claim it was due on April 1st, claiming they had all day of April 1st in which to make such rent payment, citing cases in other states so holding.[1]

However, on appeal plaintiffs rely on the check received by defendant on April 2nd. Therefore the issues as to entitlement of the full day—April 1st—in which to make payment are not before us. Not only was the check received by defendant on April 2nd, but it was also postmarked April 2nd. Since the rent for April was due at the latest on April 1st, and the rent check was posted by plaintiffs on April 2nd, it was late.

The fact the check involved was predated to March 31st changes nothing except to indicate plaintiffs believed the rent payment was due prior to April 1st, on March 31st, as the defendant claims. Whether due on March 31st or on April 1st, the rent check mailed by plaintiff was a belated payment under the lease. We therefore affirm the trial court holding that the plaintiffs breached the lease as a matter of law.

Plaintiffs' second contention is that the trial court erred in submitting the challenged question as to breach

[1] *See: Wolf v. Ranck,* 150 Iowa 87, 129 N.W. 319 (1911); *Erb-Kidder Co. v. Levy* (Kroger Grocery & Baking Co., Garnishee), 262 Mich. 62, 247 N.W. 107 (1933).

of lease to the jury. The court answered this question affirmatively as a matter of law. Stated differently, assuming plaintiffs breached the lease, they contend the fact of breach was not relevant to a jury finding of malice by defendant.

No issue is here raised or dealt with as to the applicability of the concept of punitive damages to the fact situation presented. Nevertheless the concept of punitive damages—requiring proof of actual malice—[2] must be reviewed. The rule in Wisconsin as to punitive or exemplary damages is that their ". . . assessment lies entirely in the discretion of the jury, not in any right of the one wronged."[3] Their purpose is not to compensate, but to punish.[4] It follows that, where punitive damages are sought, the defendant ". . . is entitled to introduce facts tending to rebut such evidence [as to circumstances warranting imposition of exemplary damages] and in mitigation."[5] Under this general rule it is permissible to ". . . consider and show provocation, the absence of malice, and the presence of good faith. . . ."[6]

In determining whether punitive damages should be awarded, consideration is to be given to the grievousness of defendant's act, the outrageousness of his conduct and

---

[2] *Mid-Continent Refrigerator Co. v. Straka,* 47 Wis.2d 739, 746, 178 N.W.2d 28 (1970), holding: " '. . . mere "implied malice," which is attributed to any actionable conduct, does not suffice, nor does mere negligence.' " Quoting McCormick, *Damages* (hornbook series), page 280, sec. 79.

[3] *Malco v. Midwest Aluminum Sales,* 14 Wis.2d 57, 63, 109 N.W.2d 516 (1961).

[4] *See: Lawrence v. Jewell Companies,* 53 Wis.2d 656, 661, 193 N.W.2d 695 (1972). *See also: John Mohr & Sons v. Jahnke,* 55 Wis.2d 402, 411, 198 N.W.2d 363 (1972).

[5] 25 C.J.S., *Damages,* sec. 127, page 1171 (1966). *See also: Hannahs v. Noah,* 83 S. Dak. 296, 158 N.W.2d 678 (1968).

[6] *Id.* at 1171.

the "degree of malicious intention."[7] The fact of breach of lease is here relevant to such degree of malicious intent, as well as to the matter of provocation of defendant by plaintiffs. We affirm the trial court's submission of the first question to the jury that plaintiffs had breached their lease agreement with defendant as a matter of law.

Plaintiffs' third claim alleges the finding of breach of lease was improperly submitted on the special verdict form. Plaintiffs contend that by the appearance of this question on the form the jury "received the impression that the equitable position of the plaintiffs was diminished by breaching the lease." Plaintiffs further contend this information "reduced the plaintiffs' potential for recovery of punitive damages." That may well be, but the issue before us is as to relevancy, not impact.

In dealing with plaintiffs' second contention above, we have held the fact of breach of lease by plaintiffs was relevant on the matter of provocation and "degree of malicious intention." As such it was entitled to be considered by the jury in determining whether defendant acted with actual malice toward plaintiffs. We affirm the trial court's submission of the fact of breach of lease to the jury, finding this third contention of plaintiffs to be no more than a spin-off of their second contention.

To the three-pronged attack on the trial court's ruling on breach of lease, plaintiffs add a claim of error in the trial court's not submitting to the jury as a matter of law that "there had been a breach by the landlord [defendant] of an implied term of the lease for quiet enjoyment by the tenant [plaintiffs]." Plaintiffs rely on sec. 704.05(2), Stats., providing: ". . . so long as the tenant is not in default, the tenant has the right to exclusive possession of the premises."

---

[7] *Dalton v. Meister*, 52 Wis.2d 173, 180, 188 N.W.2d 494 (1971). *See also: Malco v. Midwest Aluminum Sales, supra*, n. 3, at 66.

■ The claim of plaintiffs is that as of the morning of April 1st they were not in default since they had that entire day for their rental payment. That would take us back to whether the rent was due on April 1st or before April 1st. We need not make that return trip because here the trial court did submit to the jury as the second question in the special verdict: "Was there an unlawful eviction of the Herrmeyers by Dr. H. C. Kleeman?" The trial court proceeded to answer this question "Yes" as a matter of law. To thus inform the jury that defendant had unlawfully evicted the plaintiffs was to inform them that the quiet enjoyment of the premises by the plaintiffs had been interfered with. The finding as a matter of law of "unlawful eviction" includes a finding of breach of lease. The only difference we see is that the language is stronger and the probable impact of this finding against defendant made even greater. Therefore, we affirm the trial court's answering as a matter of law the question in the special verdict as to unlawful eviction without adding that the quiet enjoyment of the premises by plaintiffs was thereby interfered with. The obvious needs no cultivation.

Finding no error by the trial court, we affirm the judgment entered. The issues of law were properly decided by the trial court, and the issue of fact submitted was properly determined by the jury. The issues raised do not warrant giving plaintiffs another chance before another jury to seek a different result.

*By the Court.*—Judgment affirmed.