EUGENE KIELY v. EDWARD BERTRAND, GARNISHEE.

*Garnishment—Delay—Waiver—Promise to pay labor claims—Consideration—Contract.*

1. The garnishee act contemplates a speedy determination of the garnishee's liability, and any considerable delay by plaintiff, not consented to or acquiesced in by the garnishee, will be cause for dismissal of the proceedings against him. *Blake v. Hubbard,* 45 Mich. 1.

2. The acceptance of an attorney fee on countermand of notice of trial by the plaintiff is a waiver of delay in the trial of the suit.

3. The fact that claims for labor might under the statute become liens upon the logs on which it was performed, if not paid, and proceedings were instituted to enforce such liens, constitutes a sufficient consideration for a promise by the owner of the logs to the contractor to pay said claims; and if made before being garnished by creditors of said contractor, and said claims offset the balance his due, the garnishee cannot be held.

4. A suit in garnishment will not lie on an unperformed executory logging contract, upon which nothing was due when the writ issued, and under which the log-owner had a right to retain 25 cents per 1,000 feet until the logs were put afloat, and the final payment until the labor claims were paid, and apply the final amount due to the payment of such claims for labor as might become liens upon his logs. *Webber v. Bolte,* 51 Mich. 113.

Error to Roscommon. (Fallass, J.) Argued October 7, 1887. Decided October 20, 1887.

Suit in garnishment.  Garnishee brings error.  Reversed and new trial denied.  The facts are stated in the opinion.

*Henry H. Woodruff,* for appellant.

*George L. Alexander,* for plaintiff.

CHAMPLIN, J.  Eugene Kiely commenced suit in assumpsit against William Morrison, and garnished the defendant.

Interrogatories were filed, and a written disclosure made, from which it appeared that whatever indebtedness had existed between defendant and Morrison was under a written contract to do a job of logging for defendant, in which contract this clause occurs:

"The second party reserves the right of knowing that labor bills are paid before paying any final amount due first party, in order to protect himself from labor liens."

It further appeared from the disclosure that Morrison failed to complete the job, and that he owed for labor on the logs $798.13, and that defendant owed him upon the contract, irrespective of damages for non-performance, $576.25.

The disclosure further shows that before the writ of garnishment was served it was agreed between defendant and Morrison that defendant should pay the labor debts to the amount of $798.13.  The defendant in his disclosure denied owing Morrison anything whatever at the time the writ was served upon him.

In the principal suit judgment was entered against Morrison by default.  A demand was filed with the clerk for a trial of the garnishee cause, and it thereafter stood for trial in the manner provided by the garnishee act.

The act contemplates a speedy determination of the garnishee's liability, and any considerable delay by plaintiff, not consented to or acquiesced in by the garnishee, will be cause for a dismissal of the proceedings against him.  *Blake v. Hubbard,* 45 Mich. 1.

In this cause the garnishee suit should have been tried at the May term of the court, unless continued by its order, which was not done. It was noticed by the plaintiff for trial at the two succeeding terms, and notice countermanded. In consequence of the countermand, defendant's attorney applied for and obtained an attorney fee as costs of the continuance. This was a waiver of the delay. If he did not acquiesce, he should have moved to dismiss at that time, instead of waiting until after a jury should have been impaneled to try the cause. *Webber v. Bolte,* 51 Mich. 113.

Upon the trial the disclosure was introduced in evidence by the plaintiff, and he also introduced as a witness the principal defendant, William Morrison, who testified as follows:

" *Q.* Did you make any bargain with him?

" *A.* Not particularly.

" *Q.* What do you mean?

" *A.* He understood he had to pay the men. The bargain was all made."

This testimony substantiated that given by the defendant, to the effect that he made a bargain with Morrison to pay the labor debts before the service of the writ. To enable him to carry out this agreement it was necessary that defendant should be furnished with the time each man worked, and it was arranged that such time should be brought to the office of Mr. Woodruff. Plaintiff's brother was foreman for Morrison, and kept the time of the men. He came to the place designated, but required that he should be paid before he produced the time of the men. This was done, and then the writ of garnishment was served, after which defendant paid laborers, whose demands would have constituted liens upon his logs, to the amount above stated.

The case presented by this record shows that the plaintiff has no cause of action against the garnishee. The agreement to pay the men for labor claims was made before the writ of garnishment was served. The fact that these labor

claims might under the statute become liens upon the logs of defendant, if not paid, and proceedings were instituted to enforce such liens, constituted a good and sufficient consideration for the promise. It was not necessary that the time should be handed in or payment actually made before the service of the writ.

But if no such agreement had been made, the plaintiff must fail in this action. The contract was executory, and had not been completed. Nothing was due upon it at the time the writ issued. The defendant had a right to retain 25 cents per 1,000 feet until the logs were put afloat, and he had a right to retain the final payment until the labor claims were paid. And a fair construction of the contract would authorize him to apply the final amount due to the payment of such claims for labor as might become liens upon his logs.

The case of *Webber v. Bolte,* above cited, shows that a suit in garnishment will not lie in a case of a contract like this.

The judgment must be reversed, with costs of both courts. As no recovery can be had in this case, no new trial will be ordered.

The other Justices concurred.