CHAYKA v BROWN

Docket No. 78-4039. Submitted June 20, 1979, at Detroit.—Decided
September 6, 1979. Leave to appeal denied, 407 Mich 941.

Plaintiffs, John M. Chayka and Rochester Operating Company,
obtained a judgment against defendants Stanley M. Brown and
his wife Dorothy R. Brown resulting from an attempt to pur-
chase real property which failed to materialize. Prior to entry
of judgment 3 Faces, Inc., offered to purchase the realty from
the Browns. Before the agreement to purchase was closed 3
Faces, Inc., was put on notice of a prejudgment writ of garnish-
ment. Thereafter, the Browns, principal defendants, entered
into a land contract for sale of the property to 3 Faces, Inc., the
garnishee defendant. Writs of garnishment were issued on
behalf of the plaintiffs which ordered the garnishee defendant
not to dispose of any property which belonged to the principal
defendants or to pay any obligations to the principal defen-
dants. Plaintiffs' writs of garnishment, issued by the district
court, were certified to the circuit court. At this point the
garnishee defendant prepaid the remainder of the land contract
installments and received title to the property from the princi-
pal defendants. A judgment was entered against the garnishee
defendant in the Oakland Circuit Court, Robert L. Templin, J.
The court indicated that the garnishee defendant had paid
funds owing to the principal defendants after service of the
writs of garnishment issued by the district court, contrary to
the express prohibitions contained in the writs. The garnishee
defendant was ordered to pay an amount not to exceed 1-1/4
times the amount owing on the judgment owed to the plaintiffs
by the principal defendants. The garnishee defendant appeals
from this ruling. *Held:*

1. Both statute and court rule impose a restraint upon a
garnishee defendant not to part with any of the principal

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Attachment and Garnishment § 455.
[2] 6 Am Jur 2d, Attachment and Garnishment § 127.
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 446, 450.
[4] 6 Am Jur 2d, Attachment and Garnishment §§ 388, 389, 449-452.
[5] 6 Am Jur 2d, Attachment and Garnishment §§ 388, 389.

debtor's property or pay any obligations to the principal debtor after service of a writ of garnishment. The garnishee defendant violated these express prohibitions which were contained in the writs of garnishment when it accelerated its installment payments to the principal defendants under the land contract and took title to the property. The trial court did not err in adjudging the garnishee defendant liable.

2. A court rule provides that a garnishee defendant may be liable up to 1-1/4 times the amount of a judgment entered in favor of the plaintiffs against the principal defendants where the garnishee defendant fails to perform in accordance with the garnishment statute. The liability of a garnishee defendant may, in the discretion of the trial judge, be in excess of the principal debtor's liability up to 1-1/4 times the principal debt. Where the Court of Appeals determines from the facts that the trial court has abused its discretion by imposing an unduly harsh penalty assessment, that assessment will be reversed and modified.

Affirmed in part, reversed in part, and remanded.

1. GARNISHMENT — COURTS — SATISFACTION OF CLAIMS — PERSONAL PROPERTY — PERSONAL OBLIGATIONS — JURISDICTION — STATUTES.

Circuit courts have power by garnishment to apply to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment: (1) personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to judicial jurisdiction of the state and the personal property to be applied is within the state, and (2) an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state, whether or not the state has jurisdiction over the person against whom the claim is asserted (MCL 600.4011; MSA 27A.4011).

2. GARNISHMENT — WRITS OF GARNISHMENT — PRESENT DEBTS — FUTURE DEBTS — FIXED AMOUNTS — COURT RULES.

Garnishee defendants are liable for all debts owed to the principal defendants at the time of the service of the writ of garnishment whether or not they are due; there must be an existing debt for a garnishment to be effective; debts due in the future refer to claims which are already fixed in amount or capable of being so fixed and do not depend for their validity or amount on anything to be done or earned in the future or on a

continued liability which may be changed by events (GCR 1963, 738.5[4]).

3. GARNISHMENT — WRITS OF GARNISHMENT — DEBTS — RESTRAINTS — STATUTES — COURT RULES.

A statute and court rule impose a restraint upon a garnishee defendant not to part with any of a principal debtor's property or pay any obligations to the principal debtor after the service of a writ of garnishment (MCL 600.4011; MSA 27A.4011, GCR 1963, 738.3[4]).

4. GARNISHMENT — WRITS OF GARNISHMENT — GARNISHEE'S DUTIES AND LIABILITY — PENALTY ASSESSMENTS — COURT RULES.

A garnishee defendant's duties, obligations and potential liability attach at the time a writ of garnishment was properly served; thereafter, if he fails to perform properly, he runs the risk of a default judgment which could amount to 1-1/4 times the amount of the judgment entered in favor of a plaintiff against the principal defendant and which may be executed against the garnishee defendant's own funds or property (GCR 1963, 738, 738.4, 738.5).

5. GARNISHMENT — PENALTY ASSESSMENTS — DISCRETION — ABUSE OF DISCRETION — APPEAL AND ERROR — COURT RULES.

A garnishee defendant may be held liable up to 1-1/4 times the amount of a judgment entered in favor of a plaintiff against a principal defendant where the garnishee defendant fails to perform in accordance with the garnishment statute; however, a penalty assessment in a garnishment action is discretionary and the imposition of an unduly harsh penalty assessment which amounts to an abuse of discretion should be reversed and adjusted on appeal (GCR 1963, 738.5).

*Dell, Shantz, Booker & Schulte* (by *John F. Shantz* and *Timothy J. Currier*), for plaintiffs.

*E. Donald Goodman,* for 3 Faces, Inc.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

N. J. KAUFMAN, P.J. Garnishee defendant appeals by right from a September 13, 1978, judg-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment of the Oakland County Circuit Court order-
ing it to pay to the plaintiffs one and one-quarter
(1-1/4) times the balance owed plaintiffs under a
previous judgment plaintiffs obtained against the
principal defendants. The principal defendants
have not filed a brief in this cause.

This dispute arose when the plaintiffs attempted
to purchase real property from the principal defen-
dants. The sale did not materialize. A contest
arose over the return of the down payment. Ac-
cordingly, plaintiffs commenced an action and ob-
tained a judgment for $7,730.17 with costs in the
amount of $34.

Prior to the entry of the judgment, the gar-
nishee defendant had offered to purchase the
realty from the principal defendants. Garnishee
defendant was subsequently put on notice of a
prejudgment writ of garnishment which was
served upon their predecessor before they closed
their agreement to purchase the land. This pre-
judgment writ was later released. At the time of
this release, garnishee defendant paid $1,000 on
the judgment against the principal defendants in
their behalf.

Thereafter, principal defendants entered into a
land contract for the sale of the property to gar-
nishee defendant with installment payments to be
made on the first of each month. The plaintiffs
then secured their first post-judgment writ of gar-
nishment. This writ was served upon garnishee
defendant after one installment payment was
made and before another fell due. They disclosed
that the debt they owed to the principal defen-
dants was "a total installment contract in excess
of the judgment". A second post-judgment writ of
garnishment was also issued and served upon
garnishee defendant between installment pay-

ments. They did not file a disclosure pursuant to this writ. Both writs ordered garnishee defendant not to dispose of any property which belonged to the principal defendants, or pay any obligations to the principal defendants.

This matter first came before the district court upon principal defendants' motion to quash the first post-judgment writ and demand for a jury trial on the liability of the garnishee defendant. The plaintiffs in turn moved for the appointment of a receiver. The district court denied both motions. In response to plaintiffs' petition, the court determined that it did not have the authority to appoint a receiver. As to the defendants' motion, the court's order provided that the debt of the garnishee defendant was an established one with payments deferred as per the terms of the land contract. Subsequently, garnishee defendant paid $1,000 into escrow with the court.

The plaintiffs, pursuant to DCR 741, had the judgment against principal defendants and the post-judgment writs against garnishee defendant, which were issued by the district court, certified to the circuit court. At this point, garnishee defendant prepaid the remainder of the installments under the land contract and received title to the property from the principal defendants. The plaintiffs renewed their petition for the appointment of a receiver before the Oakland County Circuit Court. In the alternative, the plaintiffs prayed for an entry of judgment against the garnishee defendant.

On September 13, 1978, a judgment was entered against garnishee defendant in the Oakland County Circuit Court. The court indicated that garnishee defendant had paid funds owing to principal defendants after service of the writs of gar-

nishment issued by the district court, contrary to the express prohibitions therein. The court therefore found that the plaintiffs were entitled to a judgment in accordance with GCR 1963, 738.5 in an amount not to exceed one and one-quarter times the amount owing on the judgment the principal defendants owed the plaintiffs. The garnishee defendant appeals from this ruling as of right.

Many questions have been raised in this appeal. Garnishee defendant has challenged: the timeliness of the post-judgment writs; the amounts able to be garnisheed under these writs; plaintiffs' compliance with the technical, procedural requirements for the issuance of these writs; and the effect of the district court's certification of this cause to, the circuit court.

The development of this case does not require a consideration of all of these questions.[1] However, one of the garnishee defendant's claims raises an interesting question of first impression: whether or not a vendee's interest under a land contract

---

[1] Other allegations raised by garnishee defendant are: that the affidavits in support of the writs were jurisdictionally defective and, therefore, void; that there never was a hearing and a trial of their liability in the district court; and, finally, that the writs did not survive transcription from the district court to the circuit court in that they were never reduced to judgment at the district court level and, accordingly, garnishment writs were never independently issued by the circuit court. The first two contentions were not pleaded nor otherwise presented to the trial court and cannot be urged on appeal, *Lintern v Zentz,* 327 Mich 595, 604; 42 NW2d 753 (1950), *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577, 583; 265 NW2d 755 (1978).

The last allegation is unsupported. The district court's order makes it clear that the garnishee defendant's debt was established and that only payments were deferred pursuant to the terms of the land contract. The garnishee defendant was aware of this ruling wherein the district court denied a motion to quash the writs. Thus, there is no basis for his present stance that the writs were never reduced to judgment. Moreover, DCR 741 indicates that, after transcription to circuit court, proceedings for satisfying the district court judgment may be had as if the judgment had been rendered there initially.

represents an existing, established indebtedness. If so, to what extent would the instant garnishments be effective? The circuit court was convinced by plaintiffs' argument that the debt was established and that only payments were delayed under the terms of the land contract. Thus, it held that the garnishment writs were effective to reach the entire obligation owed. The garnishee defendant, however, seeks to analogize this case to *Erb-Kidder Co v Levy,* 262 Mich 62; 247 NW 107 (1933). There, the Supreme Court held that monthly installments of rent under a written lease which fell due on the first day of each month could not be garnisheed until their due dates. The theory was that the individual debts were not established and did not exist until these accrual dates. In a similar fashion, the garnishee defendant stresses that the instant writs were served between installment due dates and were therefore wholly ineffective.

The present statute regulating the circuit courts' garnishment powers, MCL 600.4011; MSA 27A.4011, confers upon them the power by garnishment to apply the following property or obligation or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment, whether or not the state has jurisdiction over the person against whom the claim is asserted: (1) personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state; (2) an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state, whether or not the state has jurisdiction over the person against whom the claim is asserted.

GCR 1963, 738.5(4) further provides that the garnishee defendants are liable for all debts they owed to the principal defendants at the time of the service of the writ "whether or not they are due". In its interpretation of this clause, Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt. Debts due in the future then refer to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or a continued liability which may be changed by events, *Walker v Paramount Engineering Co,* 353 F2d 445, 449 (CA 6, 1965).

In *Erb-Kidder Co, supra,* the Court deemed the rent to be an unmatured debt which would not come into existence until its due date. By analogy, it is arguable that the land contract installment payments should have been treated similarly. The problem with this analogy arises when one considers that the *Erb-Kidder* case was decided under a 1929 garnishment statute, 3 Comp Laws 1929, § 14858. That statute did not provide for a restraint or an injunction upon the garnishee with the issuance of the writ. Thus, it placed the onus upon the garnisher to initiate supplemental proceedings for the appointment of a receiver in order to preserve his claim for future obligations. The present statute, MCL 600.4011; MSA 27A.4011, supplemented by GCR 1963, 738.3(4), imposes a restraint upon the garnishee not to part with any of the principal debtor's property or pay any obligations to the principal debtor after the service of the writ.[2]

---

[2] The present court rule, GCR 1963, 738.3-738.4, enjoins and restrains the garnishee from transferring property of the principal

Thus, although it is an interesting question as to whether an installment land contract is analogous to a lease or is an unmatured and uncertain claim not garnishable until the individual installments fall due, on the facts of this case it becomes academic and need not be answered. Garnishee defendant disclosed that its debt was "a total installment contract in excess of the judgment". It went on to pay the amount of two installments into escrow with the court. Moreover, and most importantly, it violated express prohibitions contained in the garnishment writs.

These writs were prepared according to GCR 1963, 738.3(4). As such, they directed the garnishee

defendant automatically—by service of the garnishment writ. It also allows the trial court to appoint a receiver if upon disclosure it appears that the garnishee had certain property of the principal defendant in his possession at the time of service of the writ. Whereas, under the law in effect at the time of *Erb-Kidder, supra,* specific court orders were required to enjoin and restrain the garnishee defendant from disposing of the principal defendant's property, and, to have a receiver appointed to protect the plaintiff's interests. As pointed out in 2 Gilmore, Michigan Civil Procedure Before Trial (2d ed), Creditor's Remedies, § 19-204, p 854, it is no longer necessary to seek a court order:

"* * * The required contents of the writ of garnishment are set out in GCR 1963, 738.3. The sub-rule provides that the writ must:

"(1) state that an action has been commenced against the defendant or that a judgment has been rendered against him;

"(2) state the amount of the indebtedness claimed;

"(3) direct the garnishee to

"(a) file with the clerk, within 15 days after he is served with the writ, a sworn disclosure of his liability to the principal defendant at the time of service of the writ;

"(b) *deliver no tangible or intangible property and pay no obligations to the principal defendant, unless statute or court rule permits it;*

"(c) inform the principal defendant of the garnishment proceeding;

"(4) direct the principal defendant not to dispose of any negotiable instrument that represents a debt of the garnishee to him *or title to any property in the possession or control of the garnishee in which the principal defendant* claims an interest; * * *." (Emphasis supplied.)

See 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 628-632 for a further overview of the differences between the old and new garnishment rules.

defendant to deliver no tangible or intangible property to principal defendants unless allowed by statute, court rule or court order. They also clearly indicated that garnishee defendant was not to pay any obligations to the principal. Yet, while these writs were in effect, garnishee defendant accelerated its installment payments to principal defendants under the land contract and took title to the property.

Garnishees' duties and obligations under the rules and their potential liability to the plaintiffs attach at the time they are properly served with the writ. GCR 1963, 738.4, 738.5. They then become responsible for the timely performance of the specific duties imposed by GCR 1963, 738, at the risk of default judgment against them which may be executed against their own funds or property, GCR 1963, 738.8. Their liability in such situations is limited to 1-1/4 times the amount of the judgment entered in favor of the plaintiffs against principal defendants.

In view of the express mandate of this court rule, we find the trial court did not err in adjudging the garnishee defendant liable. We affirm this ruling. However, we cannot accept the penalty assessment imposed. Under GCR 1963, 738.5, this assessment is discretionary with the court. Under the facts of this case, imposition would be unduly harsh. Therefore, we hold that the garnishee defendant is not liable for 1-1/4 times the amount of the plaintiffs' judgment against principal defendants. Its liability is limited to the amount of this judgment plus six-percent interest thereon.[3] To

---

[3] GCR 1963, 738.5 states:

"Subject to the provisions of the garnishment statute and any setoff permitted by these rules, the garnishee *may* be held liable to the plaintiff in the amount of any and all of the following, but in the case of garnishment before judgment not in the excess of 1-1/4 times the

hold otherwise would ignore questions of first impression raised herein. The garnishee defendant's objections to the timeliness of the writs on the theory that installment payments under a land contract are not garnishable until their due dates might be a viable contention. However, their violation of the express prohibitions embodied in these writs cannot be sanctioned.

In view of the foregoing, we remand this case to the trial court for the entry of a judgment consonant with this opinion.

Affirmed in part; reversed in part. No costs.

---

amount of the claim stated in the affidavit of garnishment and in the case of garnishment after judgment, not in excess of 1-1/4 times the amount of the judgment entered in favor of the plaintiff against the principal defendant: * * *." (Emphasis added.)

However, neither the statute nor the court rule indicates when the penalty should be applied or how it should be applied.

On the other hand, GCR 1963, 738.13(1) states:

"Judgment *may* be entered against the garnishee for the payment of money or the delivery of specific property as may be warranted by the facts. Judgment for money against the garnishee shall not be entered in an amount that exceeds 1-1/4 times the amount of the judgment against the principal defendant. Judgment for *specific property* shall be enforced only to the extent necessary to satisfy the judgment against the principal defendant." (Emphasis added.)