ROYAL YORK OF PLYMOUTH ASSOCIATION v COLDWELL
BANKER SCHWEITZER REAL ESTATE SERVICES

Docket No. 137147. Submitted December 10, 1992, at Detroit. Decided
September 7, 1993, at 9:00 A.M.

Royal York of Plymouth Association, a judgment creditor of real
estate agent Pamela S. Richards, served a writ of garnishment
on Coldwell Banker Schweitzer Real Estate Services, seeking
payment of its judgment from sales commissions Coldwell
Banker owed to Richards. After Coldwell Banker paid Richards
commissions from sales consummated after service of the writ
of garnishment, the Wayne Circuit Court, William J. Giovan,
J., entered a judgment for the plaintiff against Coldwell Banker
in the amount of the commissions plus court costs. Coldwell
Banker appealed.

The Court of Appeals *held:*

An obligation owed by a garnishee defendant to a principal
defendant is subject to garnishment under MCL 600.4011(1)(b);
MSA 27A.4011(1)(b) and MCR 3.101 only if it is owed or
payable at the time the writ of garnishment is served on the
garnishee defendant. A real estate commission is a one-time
payment to an agent that only becomes due once the sale has
been consummated. In this case, the commissions at issue were
from sales consummated after service of the writ of garnish-
ment. Accordingly, the commissions are not subject to garnish-
ment because they were not owed or payable at the time the
writ of garnishment was served.

Reversed.

GARNISHMENT — OBLIGATIONS — WRITS OF GARNISHMENT — REAL
ESTATE COMMISSIONS.

An obligation of a garnishee defendant to the principal defendant
must be owed or payable at the time the writ of garnishment is
served on the garnishee defendant in order to be subject to
garnishment under that writ; because real estate commissions
are one-time payments to a broker or agent that only become

REFERENCES

Am Jur 2d, Attachment and Garnishment §§ 94, 120, 129.
See ALR Index under Attachment or Garnishment.

due once a sale has been consummated, real estate commissions on sales consummated after the service of a writ of garnishment are not obligations owed or debts owing at the time the writ was served and, thus, are not subject to that writ of garnishment (MCL 600.4011[1][b]; MSA 27A.4011[1][b]; MCR 3.101).

*Steven C. Sowell,* for Royal York of Plymouth Association.

*Kistner & Troyanovich, P.C.* (by *Michael G. Troyanovich* and *Julie M. Strawn*), for Coldwell Banker Schweitzer Real Estate Services.

Amicus Curiae:

*Dickinson, Wright, Moon, Van . Dusen & Freeman* (by *Gregory L. McClelland* and *Jeffrey V. Stuckey*), for Michigan Association of Realtors.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

L. P. BORRELLO, J. Garnishee defendant, Coldwell Banker Schweitzer Real Estate Services, appeals from a January 4, 1991, judgment in favor of plaintiff, Royal York of Plymouth Association, in the amount of $4,464.75. The judgment was entered after plaintiff successfully argued that garnishee defendant violated the terms of a writ of garnishment served upon it on August 10, 1990, when it paid real estate commissions to the principal defendant, Pamela Richards. We reverse.

Plaintiff sued Richards for payment of delinquent service fees assessed for administration, maintenance, and repair of the condominium complex where she owned a unit. Richards failed to defend the action, and on August 4, 1989, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

obtained a default judgment against her in the amount of $7,410.66, representing the delinquent fees plus attorney fees and costs. In an effort to collect the judgment, plaintiff filed a series of garnishments precluding garnishee defendant from paying Richards any obligation owed or transferring any property to Richards.

On August 13, 1990, garnishee defendant executed a disclosure and calculation sheet in which it stated that Richards was "a licensed real estate sales associate and is paid strikly [sic] by commission." On August 21 and 23, 1990, garnishee defendant gave Richards two checks representing commissions earned on real estate transactions that Richards performed as an independent contractor with garnishee defendant. The real estate transactions were closed after service of the writ of garnishment and filing of the disclosure statement. When plaintiff learned of the payments, it moved for entry of judgment against garnishee defendant for the amount of money paid to Richards, alleging that the payments violated the August 10, 1990, writ of garnishment and the statutes and court rules governing garnishments. Garnishee defendant answered the motion and denied any liability, claiming that because the commissions were not "obligations owed" at the time the writ was served, it did not violate the provisions of the writ or other applicable laws in paying Richards her commissions. See MCL 600.4011; MSA 27A.4011.

The trial court conducted a hearing on the motion and issued its findings of fact. The court essentially concluded that the question whether the real estate commissions represented obligations owed at the time the writ was served was irrelevant because garnishee defendant violated the so-called "injunction provision" of the writ and the court rules. See MCR 3.101(E)(1)(c). The trial

court entered a judgment against garnishee defendant in an amount equal to the commissions paid plus costs. It is from this judgment that garnishee defendant now appeals.

Pursuant to MCL 600.4011(1); MSA 27A.4011(1), the circuit court has the power to apply the following property or obligations to the satisfaction of an outstanding judgment:

> (a) Personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state.
> (b) An *obligation owed* to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state. [Emphasis added.]

On several occasions, our Supreme Court has held that the garnishment statute applies only to obligations owed or payable at the time the writ is served. See *Erb-Kidder Co v Levy,* 262 Mich 62, 64; 247 NW 107 (1933); *Kiely v Bertrand,* 67 Mich 332; 34 NW 674 (1887); *Webber v Bolte,* 51 Mich 113; 16 NW 257 (1883).

In the instant case, the question is whether real estate commissions on sales not consummated before the service of the writ constitute obligations owed or debts owing at the time the writ was served. Although the trial court declined to answer this question, we believe it is paramount to any determination that the writ of garnishment was violated.

A real estate commission is a one-time payment to a broker or agent that only becomes due once the sale has been consummated. In fact, neither the seller nor the employing broker is obligated to

pay commissions until the sale is completed. See *First Central Coast Bank v Cuesta Title Guarantee Co,* 143 Cal App 3d 12, 14; 191 Cal Rptr 433 (1983) (real estate commissions in escrow not garnishable until the sale closes). In this case, the undisputed facts are that the writ was served on or about August 13, 1990, while closing of the sales at issue did not take place until August 17 and 20, 1990. Thus, when garnishee defendant completed the disclosure pursuant to service of the writ, it did not owe Richards the commissions generated from the sales at issue. In the provisions of the sales agreements that are part of this record, it is clearly stated that the seller is not obligated to pay the commissions until such time as the sale of the property is consummated. Insofar as the seller was not obligated to pay the commissions until the sale was completed, absent an agreement to the contrary, neither did garnishee defendant owe Richards those commissions until the sale was consummated.

Although garnishment actions are authorized by statute, the procedural aspects of the garnishment process are set out in the court rules under MCR 3.101 and 3.102. In fact, the statute contains a provision that the court's exercise of jurisdiction regarding garnishment actions must conform to the rules established by our Supreme Court. MCL 600.4011(2); MSA 27A.4011(2). Thus, although the statute provides the authority for the circuit court to exercise garnishment jurisdiction, the court must do so within the parameters established in the Michigan Court Rules.

Pursuant to MCR 3.101(G)(1)(d), the garnishee is liable for "all debts, whether or not due, owing by the garnishee defendant to the principal defendant when the writ is served on the garnishee defendant . . . ." This rule conforms with the statutory

provision that the court has the power to apply the garnishment to an "obligation owed." See MCL 600.4011(1)(b); MSA 27A.4011(1)(b).

In *Chayka v Brown*, 92 Mich App 360, 367; 284 NW2d 530 (1979), this Court stated:

> In its interpretation of this clause ["whether or not due"], Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt. Debts due in the future then refer to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or a continued liability which may be changed by events. [Citation omitted.]

The trial court apparently concluded that *Chayka* stands for the proposition that the court rules include an "injunction provision" that independently prohibits a garnishee defendant from transferring any property or debt to the principal defendant after a writ is served, regardless of whether that property was in the possession of the garnishee defendant or whether the debt was owing at the time the writ was served. See MCR 3.101(G)(1)(a) and (d). We believe that such an interpretation ignores the clear language of the rules requiring that the debt be owed at the time the writ was served.

The so-called "injunction provision" of MCR 3.101 states in part as follows:

> (E) Writ of Garnishment. . . . The writ shall:
> (1) direct the garnishee defendant:
>
> * * *
>
> (c) to pay no obligation to the principal defendant, *unless allowed by statute or court rule.* [Emphasis added.]

A fair reading of this provision in the context of the rule requiring a debt to be owing at the time the writ was served suggests that a prerequisite to application of the "injunction provision" is a determination that the subject property falls within the jurisdictional parameters of the garnishment statute or court rule. In fact, we are persuaded that a debt that is not owed or owing at the time the writ is served falls within the language "unless allowed by the statute or court rule" and constitutes an exception to the "injunction provision."

Thus, we hold that the "injunction provision" of MCR 3.101(E)(1)(c) only limits the garnishee defendant from paying debts that would be in violation of the substantive provisions of the rule. As such, it was error for the trial court to rely upon the "injunction provision" without first having determined whether the commissions constituted debts owing at the time the writ was served.

We note that both the statute and the court rule have been amended since the beginning of this action. See MCL 600.4012; MSA 27A.4012 as added by 1991 PA 67 (effective December 31, 1991); MCR 3.101(U) (effective December 31, 1991). The Legislature amended the statute to provide for the use of a continuing garnishment, apparently in the interest of alleviating the procedural and administrative complications that arise with the garnishment of periodic payments. See House Legislative Analysis, HB 4064, July 28, 1991. The court rule was then amended to effectuate the provisions of the statute as amended. However, even as amended, we expressly hold that the statute and the court rule do not obligate a garnishee defendant to pay real estate commissions for sales of property that have not yet become fixed or due because closing has not taken place. To conclude otherwise would result in an impermissible expansion of the power

given to the circuit court by the statute. See MCL 600.4011(1)(b); MSA 27A.4011(1)(b) (referring to the circuit court's power to garnish obligations owed).

The trial court erred in failing to determine whether real estate commissions constituted debts owed or owing at the time the writ was served. Thus, the trial court's conclusion that the "injunction provision" had been violated under the facts of this case was improper. Inasmuch as garnishee defendant did not violate the garnishment statute when it paid Richards real estate commissions earned after the writ was served, the judgment in favor of plaintiff is hereby vacated.

Reversed.