**In re Michael E. GUERNSEY and Vicki L. Guernsey, Debtors.**

**Vicki L. GUERNSEY, Plaintiff,**

**v.**

**OLD KENT BANK, Defendant.**

**Bankruptcy No. HK 96–84319.
Adv. No. 96–8223.**

United States Bankruptcy Court,
W.D. Michigan.

Dec. 11, 1996.

Marc A. Talsma, Grand Rapids, Michigan, for debtors and plaintiff Vicki L. Guernsey.

Gordon C. Miller and Lawrence M. Brenton, Kalamazoo, Michigan, for defendant Old Kent Bank.

### *OPINION*

LAURENCE E. HOWARD, Chief Judge.

This matter was brought before the court on the motion of Old Kent Bank for summary judgment. After reviewing the defendant's motion, and the plaintiff's reply, I concluded that certain questions of fact existed. After requesting a stipulation of facts, and receiving none, the matter was set for evidentiary hearing which took place October 25, 1996. As a result of that hearing, I make the following findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

## FACTUAL BACKGROUND

The parties are in agreement that the plaintiff and co-debtor, Vicki L. Guernsey, owed a prepetition debt to Old Kent Bank ("Old Kent"). As a result of that debt, Old Kent obtained a judgment and subsequently a writ of garnishment in state district court.

Pursuant to Michigan statute and court rules, a judgment creditor may serve a writ of periodic garnishment on a garnishee defendant who is obligated to make periodic payments, such as wages, to the judgment debtor. Such a writ of periodic garnishment is effective until the first to occur of the following events: the amount withheld equals the amount of the unpaid judgment plus interest and costs; or, the expiration of 91 days. M.C.R. 3.101(B).

The parties have stipulated that the writ of garnishment was served upon Ms. Guernsey's employer on March 16, 1996. Beginning on April 17, 1996, and for nine consecutive weeks thereafter, periodic garnishments were withheld from Ms. Guernsey's paycheck and forwarded to the state court for eventual distribution to Old Kent. Additionally, another creditor had filed a garnishment and two payments were made to that creditor.

Some dispute arose at the hearing as to whether Old Kent received nine payments or ten. I found that Ms. Guernsey did not adequately prove that Old Kent received ten payments. Those nine payments undisputedly made to Old Kent totaled $676.95, with the last such weekly payment made June 12, 1996.

As for the timing of her paychecks, Ms. Guernsey testified that her pay periods run from Monday to Sunday. She then receives a paycheck on the following Thursday for work performed the previous week.

Ms. Guernsey filed her bankruptcy petition on June 26, 1996. She brought this adversary proceeding based on the fact that she had listed the garnished amount of $761.86 as an asset in her schedules and claimed an exemption under 11 U.S.C. § 522(d)(5). She contends first, that the transfer is avoidable by the trustee under § 547(b) because it occurred within 90 days of the filing of her bankruptcy petition and second, that if the transfer were avoided by the trustee, the monies would be exemptible under § 522(g)(1).

In sum, it is clear to me that $676.95 was paid to Old Kent between April 17, 1996 and June 12, 1996. The parties obviously admit that the garnishment was served more than 90 days prior to Ms. Guernsey's bankruptcy petition, but that all nine payments to Old Kent occurred within that 90 day period.

## ANALYSIS

The controversy in this matter centers on § 547(e) which, in relevant part, reads:

(1) For the purposes of this section—

\* \* \* \* \* \*

(B) a transfer ... is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time ...;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days;

\* \* \* \* \* \*

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

Essentially, the defendant relies on subsections (1) and (2) and argues that the transfer is made at the time of perfection of the writ of garnishment. In this instance, that would be outside of the 90 day preference period. Conversely, the plaintiff's argument relies on subsection (3) and contends that the transfer occurs only when the debtor acquires rights in the property; that is, upon the issuance of each paycheck. If interpreted in this manner, each of the nine payments would have fallen within the 90 day preference period.

## I. *Transfer upon perfection of writ of garnishment*

For binding authority, the Bank cites *In re Battery One–Stop Ltd.*, 36 F.3d 493 (6th Cir. 1994) (state law controls the determination of whether a transfer occurred in the 90 day preference period) and *Mary v. Lewis*, 399 Mich. 401, 249 N.W.2d 102 (1976) (garnishment takes place under Michigan law at the time a garnishment is served). However, I would distinguish *Battery One–Stop* because it deals with the garnishment of a bank account, and not a wage earner's paycheck. In the same manner, I would distinguish *Mary v. Lewis* because it deals with notes receivable held by a bank, and not a paycheck.

I agree that I must look to state law to determine whether the debtor has "acquired rights" in the property transferred (i.e. her paycheck) for the purposes of § 547(e)(3). While I have found no Michigan case directly on point, I have found *Royal York of Plymouth Ass'n. v. Coldwell Banker Schweitzer Real Estate Services*, 201 Mich.App. 301, 506 N.W.2d 279 (1993) to be of guidance. *Royal York* dealt with the issue of whether a brokerage firm was obligated to pay real estate commissions for sales of property that had not yet become fixed or due when the writ of garnishment was served.

*Royal York* focuses on certain substantive and procedural aspects of garnishments as set out by statute and court rules:

> Pursuant to MCR 3.101(G)(1)(d), the garnishee is liable for "all debts, whether or not due, owing by the garnishee defendant to the principal defendant when the writ is served on the garnishee defendant...." This rule conforms with the statutory provision that the court has the power to apply the garnishment to an "obligation owed." See M.C.L. § 600.4011(1)(b); M.S.A. § 27A.4011(1)(b).

> In *Chayka v. Brown*, 92 Mich.App. 360, 367, 284 N.W.2d 530 (1979), this Court stated:

> > In its interpretation of this clause ["whether or not due"], Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt.

> Debts due in the future then refer to claims which are already fixed in amount or capable of being so fixed, *and which do not depend for their validity or amount on anything to be done or earned in the future*, or a continued liability which may be changed by events. [Citations omitted.] [Emphasis added.]

201 Mich.App. at 305–06, 506 N.W.2d at 281–82.

Since a paycheck depends upon work to be done and monies to be earned *in the future*, Michigan case law indicates that it is not an "existing debt" for the purposes of a garnishment proceeding.

While *Royal York* dealt with the status of Michigan's garnishment law prior to its 1991 revisions, the Court of Appeals recognized the amendments and specifically stated:

> However, even as amended, we expressly hold that the statute and the court rule do not obligate a garnishee defendant to pay real estate commissions for sales of property that have not yet become fixed or due because closing has not taken place. To conclude otherwise would result in an impermissible expansion of the power given to the circuit court by the statute. See M.C.L. § 600.4011(1)(b); M.S.A. § 27A.4011(1)(b) (referring to the circuit court's power to garnish obligations owed.)

201 Mich.App. at 307–08; 506 N.W.2d at 282.

■ For this reason, I believe that under Michigan law, in the same way that real estate sales commissions are not due until the parties close the transaction, wages are not due until the employee actually performs the work necessary to earn a paycheck.

## II. *Wages earned within 90 days prepetition*

■ Courts in other jurisdictions have acknowledged an avoidable preference when a debtor's employer pays garnished wages to a judgment creditor on wages earned inside the 90 day preference period. Albeit in *dictum*, one court has put it this way:

> [A]n execution lien (like any other lien) cannot effect a transfer "until the debtor

has acquired rights in the property transferred." § 547(e)(3), Bankruptcy Code. In the case of wages, this means that, although the employer may have been served with a garnishment summons, the execution lien does not attach—and thus a transfer does not occur—until the wages are actually earned. Thus, if wages withheld under garnishment process are earned within 90 days of the filing of the debtor's petition, the fixing of the execution lien on them may be avoided as a preference:

> A writ of garnishment may well be a duly perfected lien on wages yet to be earned such that a creditor on a simple contract cannot acquire a judicial lien that is superior to the rights of the judgment creditor. Nonetheless, the avoidance powers under § 547(h) [sic] extend to the avoidance of transfers rather than the perfection of liens. Inasmuch as § 547(e)(3) establishes that a transfer does not occur until the debtor has rights in the collateral, the transfer of wages garnished pursuant to a writ of garnishment cannot occur until the judgment debtor has earned the wages garnished. Thus, a payment of the garnishment attributable to wages earned by the debtor within ninety days of the filing of a bankruptcy petition is a preferential transfer to a judgment creditor. (Citations omitted)

*In re Wilkinson,* 196 B.R. 311, 319–20 (Bankr.E.D.Va.1996).

Other cases also support this position. *Fluharty v. General Motors Acceptance Corp. (In re Polce),* 168 B.R. 580 (Bankr. N.D.W.Va.1994) (contrasting "wage vesting theory" with "continuing lien theory"); *Perry v. General Motors Acceptance Corp. (In re Perry),* 48 B.R. 591 (Bankr.M.D.Tenn.1985) (holding that under § 547(e)(3) a transfer takes place when the debtor acquires an interest in the wages—when they are actually earned or when the debtor becomes entitled to the wages); *Button v. Noe (In re Button),* 29 B.R. 118 (Bankr.E.D.Tenn.1983) (any transfer pursuant to garnishment, for the purposes of § 547, could not have occurred until the debtor had acquired rights in his wages); *Eggleston v. Third Nat'l. Bank,* 19 B.R. 280 (Bankr.M.D.Tenn.1982) (transfer is not made until the debtor has acquired rights in the property transferred); *Cobb v. Household Finance Corp.,* 17 B.R. 687 (Bankr.E.D.Tenn.1982) (Debtor can recover those funds earned and withheld within 90–day period prior to bankruptcy). I believe this to be the appropriate result.

## CONCLUSION

 For these reasons, I find that the nine periodic garnishment payments made within the 90 day period prior to the filing of this chapter 7 bankruptcy constitute avoidable preferences under § 547(b) despite the fact that the writ of garnishment was served outside that period. Because the debtor may exempt the transfers under § 522(g) and because the trustee did not attempt to avoid the transfers under § 522(h), Old Kent shall pay forthwith the sum of $676.95 to the plaintiff, Vicki L. Guernsey.