*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADVANCE STEEL CORPORATION,
ALEXANDER L. STEWART, and ROBERT A.
STEWART,

        Plaintiffs-Appellees,

v

THEODORE JOHN ELIA,

        Defendant-Appellee,

and

COMERICA BANK,

        Appellant.

UNPUBLISHED
July 21, 2022

No. 357687
Oakland Circuit Court
LC No. 2015-145471-CK

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Comerica Bank (Comerica) appeals as of right the trial court's order denying Comerica's motion for relief from an earlier order directing release of interpleaded funds to plaintiff, Advance Steel Corporation (Advance). We agree that the trial court erred by entering a stipulated order regarding disbursement of the interpleaded funds in violation of Comerica's right to due process. We therefore reverse the trial court's order denying Comerica's motion for relief and remand for proper adjudication of Comerica's and Advance's competing claims in accordance with the applicable court rules.

This appeal involves judgment creditors' attempts to enforce their respective judgments against defendant, Theodore John Elia. In February 2015, plaintiffs Advance, Alexander L. Stewart, and Robert A. Stewart filed a complaint against defendant alleging that he failed to repay two loans totaling $1,500,000. The parties entered a settlement agreement, resulting in entry of a judgment in favor of plaintiffs in the amount of $1,725,000, plus interest accruing at a rate of 8% per annum. In a separate case—case no. 2017-159521-CB, Oakland Circuit Court Judge Martha

-1-

D. Anderson presiding—Comerica obtained a judgment against defendant and General Growth Holdings, LLC, in the amount of $176,712.03, plus statutory interest.

Years later, defendant settled a personal injury lawsuit being litigated in the United States District Court for the Northern District of Florida, resulting in receipt of approximately $401,000 by Lieff, Cabraser, Heimann, & Bernstein, LLP (LCHB), the law firm representing defendant in that matter. Both Advance and Comerica took steps to recover their respective money judgments from defendant's settlement funds. In pertinent part, Comerica obtained a writ of garnishment[1] against LCHB on May 18, 2020, and served it on May 27, 2020. On May 20, 2020, Advance filed a motion seeking garnishment of the settlement funds and, without oral argument, the trial court entered an order on May 29, 2020, stating:

1. Defendant shall pay Advance $401,000 on or before June 1, 2020.

2. Defendant shall direct his current and/or former attorneys, including without limitation [LCHB] to pay Advance $401,000 on or before June 1, 2020, the payment of which by [LCHB] shall satisfy Defendant's obligation under this order.

3. This Court holds, pursuant to garnishment, that Advance is entitled to $401,000 of the monies held and/or possessed by [LCHB] in connection with (a) its representation of Defendant and/or (b) any case related to Defendant, which includes without limitation, Defendant's portion of any settlement proceeds.

4. Advance is the sole judgment creditor entitled to $401,000 held and/or possessed by [LCHB] related to Defendant. [LCHB] is hereby ordered to pay Advance $401,000 of the monies [LCHB] holds and/or possess related to Defendant, including without limitation monies held or possessed (a) in connection with [LCHB's] representation of Defendant and/or (b) Defendant's portion of any settlement proceeds.

5. Defendant shall not individually or in concert with others, including without limitations, [LCHB] or any officer, agent, representative, spouse, employee, or any agent of any of the foregoing, transfer, move, use, gift, spend, hide, pay, dissipate, lien, or reduce the $401,000 held and/or possessed by [LCHB] except for the sole and exclusive purpose of paying it to Advance.

LCHB filed an emergency motion to interplead and amend or reaffirm the court's May 29, 2020 order. LCHB indicated that the court may not have been aware at the time of its order that Comerica served a writ of garnishment on LCHB on May 27, 2020, demanding payment in the amount of $206,608.40. LCHB clarified that it was prepared to pay the funds it held immediately, but requested that the trial court amend or reaffirm its May 29, 2020 order in light of the earlier writ of garnishment served by Comerica. Without oral argument, the trial court granted LCHB's

---

[1] Comerica obtained both periodic and nonperiodic writs of garnishment against LCHB. The nonperiodic writ was the appropriate form because Comerica did not seek garnishment of periodic payments. MCR 3.101(A)(4) and MCR 3.101(B).

motion to interplead the settlement funds and ordered that the funds be deposited with the clerk's office within 14 days. Approximately one month later, the trial court entered a stipulated order, which was approved only by the attorneys for plaintiffs and defendant, directing the clerk's office to release to Advance the funds deposited by LCHB.

Upon learning of the stipulated order, Comerica filed a motion for relief from the order on the basis that it was not presented to Comerica for approval before entry, even though Comerica was entitled to notice and service of all documents related to the appearance it filed in response to the emergency interpleader motion. Comerica asserted that its garnishment was entitled to legal recognition, and Advance and defendant could not stipulate to adjudication of Comerica's rights. According to Comerica, the procedure followed in this case violated its due-process rights. The trial court denied Comerica's motion, and this appeal followed.

A trial court's decision on a motion for relief from an order is reviewed for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 380; 760 NW2d 856 (2008). "A court by definition abuses its discretion when it makes an error of law." *In re Ingham Co Treasurer for Foreclosure*, 331 Mich App 74, 78; 951 NW2d 85 (2020) (quotation marks and citation omitted). The interpretation of statutes, court rules, and legal doctrines is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Whether a litigant has received due process is a question of law reviewed de novo. *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 712; 967 NW2d 890 (2021).

On appeal, Comerica challenges the trial court's denial of its motion for relief on several grounds. We agree that the trial court abused its discretion by deeming Comerica's motion abandoned for failure to adequately brief the merits of its assertions, but also conclude that Comerica could not rely on MCR 2.612(C) for relief as a nonparty. Even so, the trial court clearly abused its discretion by failing to grant Comerica's motion because entry of the stipulated disbursement order violated Comerica's right to due process.

The trial court denied Comerica's motion for relief from the stipulated disbursement order because Comerica failed to cite which subrule of MCR 2.612(C) it relied upon for relief or supporting caselaw. It has long been the rule in this state that "failure to properly address the merits of [an] assertion of error constitutes abandonment of the issue." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008) (quotation marks and citation omitted). See also *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

In its motion for relief, Comerica quoted all of MCR 2.612(C)(1), the court rule regarding grounds for relief from a judgment or order. Comerica explained that Advance's counsel filed the stipulated order without notifying Comerica, which violated Comerica's right to service under MCR 2.117(A)(2) and MCR 2.107(A)(1). According to Comerica, this "misconduct" warranted relief from the stipulated order, as it resulted in entry of an order interfering with the priority of Comerica's protected interest in defendant's settlement funds. Among other grounds, MCR

-3-

2.612(C)(1)(c) permits the court to grant relief from a final judgment, order, or proceeding on the basis of "[f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Considering the context of Comerica's argument immediately following its quotation of MCR 2.612(C)(1), it seems obvious that Comerica was relying on the fraud ground outlined in MCR 2.612(C)(1)(c), even if it did not explicitly identify that portion of the rule in its motion. Moreover, while Comerica did not cite caselaw in support of its position, it did quote several court rules it claimed were controlling of the notice requirement. Because Comerica supported its motion with relevant authority, it was outside the range of principled outcomes for the trial court to deny Comerica's motion on the basis of Comerica's alleged failure to adequately brief the issues.

MCR 2.612(C)(1)(c) provides that "[o]n motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds: . . . (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Comerica argues that it was entitled to relief from the stipulated disbursement order because Advance's attorney intentionally concealed the stipulated order from Comerica and failed to give notice of its submission for entry, contrary to a number of court rules Comerica claims required notice. Advance, on the other hand, maintains that Comerica's reliance on MCR 2.612(C)(1) is misplaced because the court rule only allows a court to grant relief to "a party or the legal representative of a party," and Comerica was never made a party to this action.

This Court applies the same rules governing statutory interpretation to interpretation of court rules. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 446; 861 NW2d 303 (2014). The controlling principles include the following:

> Our purpose when interpreting court rules is to give effect to the intent of the Michigan Supreme Court. The language of the court rule itself is the best indicator of intent. If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary.
>
> When interpreting a court rule, we must read the rule's provisions "reasonably and in context." We should not read court rules in isolation. Generally, this Court affords every word and phrase in a court rule its plain and ordinary meaning. But when the Michigan Supreme Court chooses a word that has acquired "a peculiar and appropriate meaning in the law," we must construe that term according to its legal meaning. We construe identical language in various provisions of the same rule identically. And we read different rules that share the same subject or share a common purpose together as one law.
>
> When interpreting a court rule, we must presume that every word has some meaning. Therefore, we must avoid any interpretation that renders any part of the court rule surplusage or nugatory. This Court must give effect to every sentence, phrase, clause, and word in a court rule. If at all possible, this Court should interpret a court rule to avoid inconsistencies. [*Id*. at 446-447 (footnotes omitted).]

The plain language selected by the Supreme Court limited the persons who could seek relief under MCR 2.612(C)(1) to "a party or the legal representative of a party." The Court did not choose to define the term "party." As used in the litigation context, *Black's Law Dictionary*

(11th ed) defines a party as "[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment." For purposes of the collateral estoppel doctrine, Michigan caselaw has defined a party similarly as "one who was directly interested in the subject matter and had a right to defend or to control the proceedings and to appeal from the judgment . . . ." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). As Advance argues on appeal, Comerica does not fall within the scope of this definition. It never intervened in this case and, therefore, did not have a right to defend or control the postjudgment proceedings, despite its obvious interest in the interpleaded funds. Consequently, we agree with Advance that a motion for relief from the stipulated disbursement order under MCR 2.612(C) was not the appropriate vehicle for Comerica to challenge the order.

But Comerica's request for relief was not limited to MCR 2.612(C)(1). It also argued that relief was appropriate because entry of the stipulated order without Comerica's knowledge or participation violated Comerica's right to due process. The trial court rejected this theory because Comerica was not a named party in the case.

"[A]t a minimum, due process of law requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard." *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). We find it notable that Advance does not appear to dispute that the procedures followed in this case were insufficient to satisfy the demands of due process. Instead, it contends that Comerica's right to due process regarding the disbursement of the interpleaded funds simply did not exist. We disagree.

Courts may exercise garnishment powers "only in accordance with the Michigan Court Rules." *Nationsbanc Mtg Corp of Ga v Luptak*, 243 Mich App 560, 564; 625 NW2d 385 (2000), citing MCL 600.4011(2). The court rules establish the procedure to be followed in garnishment proceedings. *Royal York of Plymouth Ass'n v Coldwell Banker Schweitzer Real Estate Servs*, 201 Mich App 301, 305; 506 NW2d 279 (1993).

Under MCR 3.101(E)(3), a writ of garnishment must direct the garnishee to:

(a) serve a copy of the writ on the defendant as provided in subrule (F)(2);

(b) within 14 days after the service of the writ, file with the court clerk a verified disclosure indicating the garnishee's liability (as specified in subrule [G][1]) to the defendant and mail or deliver a copy to the plaintiff and the defendant;

(c) deliver no tangible or intangible property to the defendant, unless allowed by statute or court rule;

(d) pay no obligation to the defendant, unless allowed by statute or court rule; and

(e) in accordance with subrule (J), either make all payments directly to the plaintiff or the plaintiff's attorney or send the funds to the court, as specified by the plaintiff in the request under subrule (D)(4).

Subject to certain exceptions, the garnishee becomes liable to the judgment creditor for "all tangible or intangible property belonging to the defendant in the garnishee's possession or control when the writ is served on the garnishee[.]" MCR 3.101(G)(1)(a). Within 14 days of service, the garnishee must file a verified disclosure identifying the garnishee's indebtedness to the defendant. MCR 3.101(H). However, if the garnishee "claims that withholding is exempt for some reason other than those set forth in MCR 3.101(I)(6),[2] the garnishee shall indicate on the disclosure the basis for its claim of exemption and cite the legal authority for the exemption." MCR 3.101(H)(1)(c). Under MCR 3.101(L)(2),

> [i]f the garnishee's disclosure declares that a named person other than the defendant and the plaintiff claims all or part of the disclosed indebtedness or property, the court may order that the claimant be added as a defendant in the garnishment action under MCR 2.207. The garnishee may proceed under MCR 3.603 as in interpleader actions, and other claimants may move to intervene under MCR 2.209.

"If there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." MCR 3.101(M)(1).

Upon service of Comerica's writ of garnishment on May 27, 2020, Comerica had an interest in the settlement funds owed to defendant and held by LCHB. MCR 3.101 established the procedures through which Comerica's interest could be adjudicated, and Comerica was entitled to enforcement of those procedures. When it became apparent that there was more than one judgment creditor claiming an interest in the funds held by LCHB, the trial court initially granted LCHB's interpleader motion as contemplated by MCR 3.101(L)(2), implicitly recognizing that "a named person other than the defendant and the plaintiff claim[ed] all or part of the disclosed indebtedness or property." Nonetheless, the court inexplicably allowed Advance and defendant to stipulate to how the funds would be disbursed, without any participation by Comerica, the other claimant. Comerica was not given notice or a reasonable opportunity to be heard before the interpleaded funds were disbursed entirely to Advance, contrary to well-settled principles of minimum due process. *Bonner*, 495 Mich at 235. The court erred by refusing to consider Comerica's due-process argument merely because Comerica was not a named party, particularly when MCR 3.101(L)(2) allows the trial court to order joinder of a claimant on its own initiative.

Advance also argues that this Court should affirm the trial court's refusal to grant Comerica relief from the disbursement order because the judge in this matter, Oakland Circuit Court Judge Rae Lee Chabot, had no authority to overrule an order entered in Comerica's 2017 case declaring defendant's objections moot. In the 2017 case, defendant and Advance filed objections to Comerica's writ of garnishment. Judge Anderson determined that Advance did not have standing to object and that defendant's objection was moot because LCHB interpleaded the funds in the instant case pursuant to Judge Chabot's June 19, 2020 order. Advance reasons that Judge Anderson's order effectively found Comerica's garnishment moot because LCHB no longer held

---

[2] MCR 3.101(I)(6) applies to banks or other financial institutions.

-6-

funds owing to defendant, and that MCR 2.613(B)[3] precludes Judge Chabot from overruling that order. We disagree. Judge Anderson specifically found that defendant's *objections* to the writ were moot—she did not speak to the continued validity or priority of Comerica's writ, which should have been determined in the instant case after Judge Chabot granted LCHB's interpleader motion. Resolution of that issue does not require Judge Chabot to set aside or vacate Judge Anderson's determination that the objections in Comerica's 2017 case were rendered moot by the interpleader in this case.

Comerica also argues on appeal that its interest in the interpleaded funds is superior to Advance's interest because Comerica was first to serve its writ of garnishment. The trial court failed to address the priority of the competing claims in this case because it erroneously concluded that Comerica was not entitled to relief from the stipulated disbursement order. Consequently, we decline to address this issue at this juncture and instead direct the trial court to adjudicate Comerica's and Advance's competing claims on remand in accordance with the applicable court rules.

We reverse the trial court's November 6, 2020 order denying Comerica's motion for relief and remand for proper adjudication of Comerica's and Advance's competing claims in accordance with the applicable court rules. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood

---

[3] Under MCR 2.613(B), "[a] judgment or order may be set aside or vacated . . . only by the judge who entered the judgment or order, unless that judge is absent or unable to act."

# Court of Appeals, State of Michigan

## ORDER

Advance Steel Corporation v Theodore John Elia

Docket No. 357687

LC No. 2015-145471-CK

Kathleen Jansen
Presiding Judge

Colleen A. O'Brien

Noah P. Hood
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we reverse the trial court's November 6, 2020 order denying Comerica's motion for relief and remand for proper adjudication of Comerica's and Advance's competing claims in accordance with the applicable court rules. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 21, 2022
Date

_____
Chief Clerk